**STATE of Missouri, Respondent,**

v.

**Norman K. GREER, Appellant.**

**No. WD 46546.**

Missouri Court of Appeals,
Western District.

May 24, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Lew Kolias, Office of the State Public Defender, Columbia, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

FENNER, Judge.

Appellant, Norman K. Greer, appeals his conviction, after trial by jury, for driving while intoxicated. Upon his conviction, Greer was sentenced by the court as a persistent offender.

In his first point on appeal, Greer argues that the court committed plain error by sentencing him as a persistent driving while intoxicated offender. Greer argues specifically that the State did not allege and prove that he had the requisite prior intoxication-related traffic offense convictions which allowed him to be sentenced as a persistent offender.

██  Under Rule 30.20, the sufficiency of a sentence is a jurisdictional question that must be reviewed even if not properly preserved. *State v. Moore*, 633 S.W.2d 140, 148 (Mo.App.1982).

██  Section 577.023, RSMo Supp.1992,[1] allows for enhancement of sentence in intoxication-related traffic offenses. Section 577.-023.1 defines a persistent offender as follows:

(2) A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction ...

The clear import of this statutory language is to require two offenses within ten years of a previous conviction. *State v. Stewart*, 832 S.W.2d 911, 913 (Mo. banc 1992). By the language the legislature has used, there must be two offenses within ten years of a previous offense, not two prior to the one for which enhancement is sought. *Id.* The charge and the proof required to find and punish a person as a persistent offender under section 577.023.1(2) must involve a total of three offenses prior to the one at bar. *Id.* The offense for which the enhancement to felony status is sought is irrelevant to the persistent offender determination. In order for a penalty for an intoxication-related traffic offense to be enhanced to persistent offender status, there must be a previous conviction and the State must plead two offenses or convictions within ten years of that previous conviction. *Id.*

██  In the case at bar, Greer was charged and shown to have been convicted of driving while intoxicated on only two prior occasions, April 6, 1983 and October 16, 1984. Therefore, the State failed to satisfy the requirement of *Stewart* that there be a total of three prior intoxication-related traffic offenses.

The trial court erred by sentencing Greer as a persistent offender. The appropriate remedy is reversal and remand for Greer to be resentenced based upon whatever evidence might be presented by the State to establish Greer's offender status. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994). In the event the State is able to establish Greer's status as a persistent offender, at the time of the offense herein, the trial court is to sentence him accordingly.

In his second point on appeal, Greer argues that the trial court erred in denying his proffered instructions on duress. Greer contends that the evidence showed that "he entered and drove his vehicle to escape from and avoid harm from a group of individuals

---

1. All statutory references are to RSMo Supp. 1992 unless otherwise noted.

armed with baseball bats who chased Greer to his vehicle." Before remanding for resentencing in accordance with Greer's first point, we must first determine if he is entitled to a new trial on the basis of his second point.

■ The defense of duress is available when a defendant is coerced to engage in the conduct charged by the threat or use of unlawful physical force of such a degree that a person of reasonable firmness could not resist. § 562.071.1, RSMo 1986; *State v. Coats,* 835 S.W.2d 430, 435 (Mo.App.1992). The defense of duress is not available when the defendant recklessly places himself in a situation in which it is probable that he will be subjected to the force or threatened force that he claims he could not resist. § 562.-071.2(2), RSMo 1986.

■ The two instructions submitted by Greer, and refused by the trial court, read as follows:

### INSTRUCTION NO. A

You have heard evidence that the defendant was driving at the time of the alleged offense in order to avoid bodily harm. If you find from the evidence that the defendant, in good faith, drove in violation of the law to avoid bodily harm, that the defendant's fear of bodily harm was reasonable under the circumstances, that the risk of harm avoided by the unlawful driving was greater than the risk of harm created by the unlawful driving, that the defendant had no reasonable alternative in avoiding the risk of harm other than to drive, and that the defendant did not create the situation that produced the risk of harm, then the violation of the law by the defendant may be excused by reason of duress and you may find the defendant not guilty.

### INSTRUCTION NO. B

If you find and believe from the evidence beyond a reasonable doubt that the defendant engaged in the conduct submitted in Instruction No. ___, you will then decide whether or not at that time he acted under duress.

If you further find and believe that it is more probable [sic] true than not true,

First, that individuals in the parking lot at Donovan's Restaurant threatened the imminent use of physical force against the defendant, and

Second, that the threatened use of force was such that a person of reasonable firmness in the defendant's situation would not have been able to resist, and

Third, that defendant was thereby coerced into engaging in the conduct submitted in Instruction No. ___,

then you must find the defendant not guilty by reason of acting under duress.

We first note that Greer's proposed Instruction No. A did not follow MAI–CR3d 310.24, the pattern instruction on the defense of "duress." Instruction No. B, however, did follow MAI–CR3d 310.24. The law is clear that where there is an applicable MAI–CR instruction, that instruction must be given to the exclusion of any other instruction. *State v. Isa,* 850 S.W.2d 876, 902 (Mo. banc 1993); Rule 28.02(c). Thus, in the case at bar, the trial court did not err in refusing Instruction No. A, which did not follow MAI–CR3d 310.-24, the instruction applicable under the law.

■ We next determine whether the trial court was within its discretion in refusing Greer's Instruction No. B. Greer testified that he was at Donovan's Restaurant on the evening in question. He was with two friends and they were drinking. According to Greer's testimony, he had consumed no more than six beers.

Greer stated that he had asked a couple of girls to dance and they refused. Apparently, their boyfriends were with them. After he asked the girls to dance, "[t]here was some words exchanged" between Greer and his friends and the girls' friends. As Greer was leaving Donovan's, the girls' friends were waiting outside with baseball bats. Greer testified that he had seen the girls' friends go outside, but that he went outside anyway. As they started running toward Greer, Greer got into his truck and started to drive away. Greer testified that they were swinging their bats and beat the back end of his truck as he started to drive away. Greer stated that he

planned to drive to his friends' apartment which was about two miles from Donovan's.

The evidence does not establish the defense of duress under section 562.071, RSMo 1986. Greer was not coerced to get into his truck and drive in an intoxicated condition. Greer could have avoided the altercation outside of Donovan's by either staying in Donovan's or going back into Donovan's once he was outside and saw the people with the baseball bats.

Greer's testimony did not constitute evidence of duress. Accordingly, the trial judge properly refused Greer's proposed Instruction No. B.

As discussed under Greer's first point on appeal, we reverse and remand for Greer to be resentenced.

All concur.