Richard E. JOHNSON, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. WD 52836.

Missouri Court of Appeals,
Western District.

April 1, 1997.

David L. Simpson, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, C.J., P.J., and BERREY and EDWIN H. SMITH, JJ.

BERREY, Judge.

Richard E. Johnson, Jr. appeals from the denial of his Rule 24.035 motion for postconviction relief without an evidentiary hearing. Following a change of venue from Pettis County, appellant was charged by information as a prior and persistent offender with twelve counts of rape in violation of § 566.030.3, RSMo Supp.1993 in the Circuit Court of Randolph County. Appellant's minor daughter was the alleged victim in each of the rape counts.

On September 5, 1995, appellant, together with his attorney, appeared before Judge Blaeuer and entered a plea of guilty to one count of rape. In accordance with the plea agreement, the State dismissed the remaining eleven counts. Also at the plea hearing, the court noted that the information charged appellant as a prior and persistent offender. Defense counsel acknowledged that appellant admitted those allegations as part of his guilty plea. After determining that appellant entered his guilty plea freely and voluntarily, the court accepted the plea and ordered a presentence investigation.

On October 17, 1995, Judge Blaeuer orally sentenced appellant to twenty years imprisonment. However, the court neither made a finding that appellant was a prior and persistent offender nor did it indicate that appellant was being sentenced as a prior and persistent when the sentence was pronounced orally. Following a recess, this oversight was quickly remedied. The court vacated appellant's sentence, made findings that he was a prior and persistent offender and resentenced him. The court stated:

> The Court advises defendant that it is going to sentence the defendant to a term of twenty years for the offense of rape contained in Count 12 of the Information. The Court advises that the Court is sentencing you under the provisions of the law known as a prior and persistent offender as that term in known in 558.019 of the Revised Statutes of Missouri. Therefore the sentence should read that your sentence is confinement in the custody of the State Department of Corrections for a period of twenty years and this sentence is

imposed upon you as a prior and persistent offender under the named statute.

The court's written sentence and judgment accordingly noted appellant's twenty year sentence as a prior and persistent offender under §§ 558.016 and 558.019.

Appellant filed a *pro se* motion under Rule 24.035. An amended motion was filed by appointed counsel. The motion court denied the motion without an evidentiary hearing. This appeal followed.

Appellant raises two points. Appellant first alleges that the trial court plainly erred in sentencing him as a persistent offender under § 558.019 in its written judgment, and that the motion court plainly erred in failing to correct the sentence and judgment because the court never found him to be a persistent offender and did not mention this when it orally pronounced the sentence. Appellant next contends the motion court clearly erred in denying his Rule 24.035 motion without an evidentiary hearing for the reason that he received ineffective assistance of counsel. Affirmed.

■ On appeal of denial of a Rule 24.035 motion, we first note that there is a presumption that trial counsel was competent. *Amrine v. State,* 785 S.W.2d 531, 534 (Mo. banc), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). To prevail on a claim of ineffective assistance of counsel, the claimant must show by a preponderance of evidence that counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would have exhibited under similar circumstances and that defendant was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice is proven by evidence showing a reasonable probability that, but for counsel's errors, the movant would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 369–70, 88 L.Ed.2d 203 (1985).

■ To be entitled to an evidentiary hearing, a post-conviction movant must 1) allege facts, not conclusions, which, if true, would warrant relief; 2) movant's factual allegations must not be refuted by the record; and 3) the matters complained of must result in prejudice to the movant. *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992). In determining whether this standard is satisfied, it must be kept in mind that where, as here, movant has pleaded guilty, he has waived all errors regarding ineffective assistance of counsel except those that affect "the voluntariness and knowledge with which the pleas of guilty were made." *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992). For this reason, if the claim of involuntariness is conclusively refuted by the motion and record, an evidentiary hearing is not required. Rule 24.035(h); *Greathouse v. State,* 859 S.W.2d 247, 248 (Mo.App.1993)(citing former Rule 24.035(g)). Our review of denial of a postconviction motion, with or without an evidentiary hearing, is limited to a determination of whether the motion court's findings of fact and conclusions of law were clearly erroneous. Rule 24.035(k); *State v. Nolan,* 872 S.W.2d 99, 104 (Mo. banc 1994)(citing former Rule 24.035(j)). Findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Id.*

■ This is an appeal from the denial of appellant's Rule 24.035 motion, not a direct appeal from the court's judgment and sentence.[1] Yet, appellant argues in point I that the *"trial* court plainly erred in writing down in the sentence and judgment that [appellant] was a persistent offender under section 558.019 ...." (emphasis added). To the extent appellant's point I alleges error on the part of the trial court, it is not reviewable.

Also in point I appellant argues that the "motion court plainly erred in failing to correct the judgment and sentence" for the reason that the trial court did not find that appellant was a persistent offender and did not so indicate when the sentence was pronounced orally. This argument is without merit for two reasons.

---

1. A guilty plea ordinarily waives all defenses and errors, but a direct appeal is available to challenge either jurisdiction or the sufficiency of the indictment or information. *State ex rel. Simmons v. White,* 866 S.W.2d 443, 446 n. 4 (Mo. banc 1993).

■ First, this issue was not raised in either appellant's *pro se* Rule 24.035 motion or his amended motion. Grounds for relief not appearing in the post-conviction motion are waived and cannot be raised for the first time on appeal. *Yoakum v. State,* 849 S.W.2d 685, 689 (Mo.App.1993); Rule 24.035(d). This rule applies to requests for plain error review since "[t]here is no such thing as plain error in postconviction relief cases." *Clemmons v. State,* 795 S.W.2d 414, 418 (Mo.App.1990), *cert. denied,* 500 U.S. 907, 111 S.Ct. 1689, 114 L.Ed.2d 83 (1991).[2]

■ Second, even if appellant had raised this issue in his Rule 24.035 motion, his argument that the motion court erred must still fail. At the guilty plea hearing, as noted above, appellant admitted the allegations in the information that he was a prior and persistent offender. Moreover, while the court failed to mention appellant's status as a prior and persistent offender at the sentencing hearing, the court that same day vacated appellant's sentence and resentenced him after making specific findings that appellant was indeed a prior and persistent offender. Because a trial court retains jurisdiction to modify a sentence until the court enters its written judgment, a defendant may be called back for resentencing. *State v. Johnson,* 864 S.W.2d 449, 451 (Mo.App.1993). (citations omitted). Contrary to appellant's claim, the trial court acted properly and the record clearly refutes any suggestion that the court acted otherwise.

Conspicuously missing from appellant's brief is any mention whatsoever of the court's remedial actions in resentencing appellant. We would take very seriously any attempt to deliberately mislead this court. Point denied.

■ Appellant's second point is also without merit. In it appellant claims the motion clearly erred in denying his Rule 24.035 motion because he received ineffective assistance from appointed counsel. He specifically claims counsel was unprepared for a suppression hearing which caused appellant's

confession, which purportedly was the product of an illegal arrest and the result of undue coercion, to be declared admissible. Absent counsel's alleged ineffective assistance, appellant argues that his confession would have been found inadmissible and he would not have involuntarily entered a guilty plea.

The motion court denied a hearing on this issue because it found the transcript of the guilty plea hearing to refute appellant's claims. We agree.

Regarding appellant's inculpatory statement, the following exchange took place at the guilty plea hearing:

> [DEFENSE COUNSEL]: Mr. Johnson asked me about the confession or statement given by him to Captain Gaertner in this matter. There was a Motion to Suppress filed and the court ruled that ... it would be available as evidence in the case. Mr. Johnson has certain questions or disputes as to things that happened or were said in that statement or interview with Captain Gaertner. He does not believe that all of that statement is accurate, however I believe he is prepared and willing to indicate to the court he does admit the charges and the allegations.

> . . . .

> THE COURT: ... But the basic facts as outlined by the Prosecutor are admitted by defendant by his plea of guilty? [DEFENSE COUNSEL]: Yes. [APPELLANT]: Yes.

Additional testimony at the guilty plea hearing directly contradicts appellant's claims of ineffective assistance:

> Q. [THE COURT]: Were any threats, intimidations, or any other kind made to you to get you to plead guilty? A. [APPELLANT]: No. Q. You have told me that you discussed this case with your attorney, Mr. Fleming. Have you had a good rela-

---

2. *Cf. State v. Greer,* 879 S.W.2d 683, 684 (Mo. App.1994). There, the court stated that the sufficiency of a sentence is a jurisdictional issue under Rule 30.20 and "must be reviewed even if not properly preserved." *Greer* is distinguishable because it was a direct appeal and did not involve any post-conviction motion.

tionship with Mr. Fleming, your attorney?

A. Yes.

Q. Have you told him all you know about this so he is fully apprised of the facts as you know them?

A. Yes.

Q. And do you feel that you have been fully advised by him concerning all aspects of the case, including your legal rights and what can happen when you plead guilty?

A. Yes.

Q. Has your attorney refused to comply with any requests you have made of him?

A. No.

. . . .

Q. You have any complaints or criticisms of your attorney in this case?

A. No.

Q. Are you satisfied with his services thus far?

A. Yes.

Q. Now are you aware of any witnesses that you believe your attorney should have contacted but did not?

A. No.

Q. Now do you understand that if I accept your plea of guilty there will not be a trial?

A. Yes.

The above excerpts show that the motion court was not clearly erroneous in denying appellant's Rule 24.035 motion. Point denied.

Affirmed.

All concur.