STATE of Missouri ex rel. Frederick POPOWICH, Relator,

v.

The Honorable Frank CONLEY, Respondent.

No. WD 55106.

Missouri Court of Appeals, Western District.

April 28, 1998.

. Gerald Mueller, Asst. Public Defender, Columbia, for Relator.

Mark A. Flanegin, Asst. Pros. Atty., Boone County, Columbia, for Respondent.

Before EDWIN H. SMITH, P.J., and HANNA and HOWARD, JJ.

EDWIN H. SMITH, Presiding Judge.

This is an original proceeding in prohibition wherein the relator, Frederick Popowich, seeks to prohibit the respondent, the Honorable Frank Conley, from "revoking" his probation and ordering his four-year prison sentence executed, arguing that the violations on which the respondent is revoking him occurred prior to his being placed on probation; and thus, in revoking his probation for those violations, the respondent exceeded his jurisdiction. This court issued its preliminary writ of prohibition, prohibiting

the respondent from taking any further action with respect to the relator's probation, other than setting aside its order setting aside its order of probation, which is now made absolute.

## Facts

On February 3, 1997, the relator entered a plea of guilty in the Circuit Court of Boone County before the respondent to the class C felony of possession of a controlled substance, § 195.202.[1] A presentence investigation (PSI) was ordered, with sentencing set for April 7, 1997.

On April 7, 1997, the relator appeared for sentencing and was sentenced by the respondent to four years imprisonment, the execution of which was suspended until 9:00 a.m. on July 7, 1997, at which time he was to appear for "final disposition." While awaiting final disposition, the respondent ordered the "defendant to be supervised by [Probation and Parole] on terms and conditions set forth in PSI and P & P to furnish status report with recommendation prior to hearing for final disposition." Further, the defendant was ordered to: (1) pay court costs within fifteen days; (2) complete 100 hours of community service; (3) obtain counseling as deemed appropriate by the supervising probation officer; and, (4) submit to random urinalysis and breathalyzer tests as requested by the supervising probation officer. On July 7, 1997, the relator appeared for final disposition. At that time, the respondent placed him on supervised probation for five years.

On August 19, 1997, a probation violation report, dated August 13, 1997, was filed by Probation and Parole with the trial court, stating that the relator had violated the condition of his probation that he maintain lawful behavior in that he had been arrested for two incidents of stealing. In the report, the probation officer recommended that any action in the underlying probation case, as to the alleged probation violations, be delayed until disposition of the stealing charges. On September 8, 1997, the relator appeared before the respondent on the alleged probation violations, which he denied. A probation violation hearing was then set for September 8, 1997, which was subsequently continued to September 22, 1997.

In a supplemental report, dated September 19, 1997, which supplemented the violation report dated August 13, 1997, the reporting probation officer stated:

> After further investigation, the law violations cited in this report occurred prior to Popowich [the relator] being placed on probation on July 7, 1997, therefore, this is not a violation of this probation. The date of the offenses as listed in the affidavit filed by the Prosecuting Attorney indicate the dates of occurrence as 5–23–97 and 7–3–97. Therefore, this report was submitted in error. However, it should be noted that Popowich was under courtesy supervision from 4–7–97 and committed the offenses while awaiting final disposition. Unfortunately this information was not discovered for inclusion in the supplemental report.

The recommendation in the supplemental report was that: "As the violations were committed prior to Popowich's placement on probation, no recommendation will be made."

On September 22, 1997, a violation hearing was held before the respondent. After hearing evidence, the respondent made the following docket entry:

> Court finds from evidence adduced that after pleading guilty and having been sentenced on April 7, 1997, with said sentences (sic) suspended until July 7, 1997, and that thereafter on July 3, 1997, said defendant violated state law to-wit: theft of property which was pawned on that same date and that said fact was not known to the State or P & P on July 7, 1997, or to this court. Said defendant was placed on supervised probation on July 7, 1997, without this court having knowledge of said violation of law. Order of probation set aside, final disposition set for 9:00 A.M., October 14, 1997, Division II, to allow P & P to make recommendation if any and for defendant to produce such extraordinary remedies as may be available.

1. All statutory references are to RSMo 1994, unless otherwise indicated.

On November 17, 1997, the relator filed in this court his petition for a writ of prohibition, alleging that the respondent had exceeded his jurisdiction in revoking his probation for violations that occurred prior to his being placed on probation and requesting that he be prohibited from doing the same. This court issued its preliminary writ in prohibition, ordering the respondent to refrain from any further action in the case, other than to withdraw his order setting aside the relator's probation, which he did not do. Thereafter, the case was briefed and argued before this court.

## I.

The relator claims that the respondent exceeded his jurisdiction in revoking his probation for violations that occurred prior to his being placed on probation. The respondent contends that he did not exceed his jurisdiction in that "setting aside the relator's probation did not result in a revocation of probation, and a court has discretion to modify the terms and conditions of probation during the probationary term." In other words, the respondent is contending that the setting aside of its order granting the relator probation was not a revocation of his probation, but was simply a modification thereof, which he was authorized to do. Thus, the issue we must decide is whether a trial court exceeds its jurisdiction where, after the judgment of conviction and sentence is final, it sets aside an order of probation pursuant to its continuing jurisdiction to modify terms and conditions of probation, as provided in §§ 559.016 and 559.021, because it was mistaken as to the defendant's criminal history at the time the probation was granted. The answer is yes.

■ It is well settled in this state that the power of a trial court with respect to sentencing, which would include the granting of probation, is dependent on the authority granted by statutes, rules of law, and procedure governing the same. *State ex rel. McCulloch v. Schiff,* 852 S.W.2d 392, 395 (Mo.App.1993). The power of the respondent to place the relator on probation is found in Rule 29.07(e) and §§ 559.012, 559.100, and 559.120. Rule 29.07(e) provides

that: "[a]ny court may place on probation and parole any defendant eligible for judicial parole under the laws of this state and, to this end, may suspend the imposition or execution of sentence of any person." Section 559.012 provides that:

The court may place a person on probation for a specific period upon conviction of any offense or upon suspending imposition of sentence if, having regard to the nature and circumstances of the offense and to the history and character of the defendant, the court is of the opinion that

(1) Institutional confinement of the defendant is not necessary for the protection of the public; and

(2) The defendant is in need of guidance, training or other assistance which, in his case, can be effectively administered through probation supervision.

Section 559.100.1 provides that:

The circuit courts of this state shall have power, herein provided, to place on probation or to parole persons convicted of any offense over which they have jurisdiction, except as otherwise provided in sections 195.275 to 195.296, RSMo, section 558.018, RSMo, section 565.020, RSMo, section 571.015, RSMo, and section 559.115.

Section 559.120 authorizes the trial court to place a defendant on probation and require his participation in an alternative community corrections program pursuant to § 217.777.

The parties are in agreement that the respondent actually placed the relator on probation on July 7, 1997. However, a review of the record indicates that in placing him on probation, the respondent departed in several respects from the procedure envisioned by the statutes that govern criminal dispositions, including placing a defendant on probation. We believe a discussion of the sentencing procedure employed by the respondent is necessary to the resolution of the issues presented here.

■ On February 3, 1997, the relator pled guilty, at which time the respondent ordered the "imposition of sentence suspended," pending a PSI by Probation and Parole, with "final disposition" set for April 7, 1997. The use by the respondent of the

phrase, "imposition of sentence suspended," was a misnomer and procedurally confusing in several respects. First, the "suspension of imposition of sentence (SIS)" requires the trial court to "designate a specific term of probation," § 559.016.2, which it did not do. Second, a SIS is an authorized *disposition* under § 557.011.2(3), not a preliminary step to a final disposition, as was ordered by the respondent here. A SIS is a dispositional alternative to a suspended execution of sentence (SES), § 557.011.2(4), which was ordered by the respondent on April 7, 1997. As opposed to a SIS, where no sentence is imposed, in the case of a SES, a sentence is imposed, but the execution is suspended. § 557.011.2(3)(4); *Yale v. City of Independence*, 846 S.W.2d 193, 195 (Mo. banc 1993). The two are separate and distinct authorized dispositions under § 557.011; *Yale*, 846 S.W.2d at 195, and, as such, the respondent could not order both as to the same criminal charge against the relator, which it did.

The use by the respondent of SIS language in his docket entry was a misnomer. However, a thorough reading of the record reveals that in using the language, "imposition of sentence suspended," the respondent was not ordering a SIS, as provided in § 557.011.2(3), but was simply delaying sentencing pending a PSI. In light of this fact, after accepting the relator's guilty plea and pending sentencing, the respondent should not have ordered a suspended imposition of sentence, but simply should have set sentencing for a specific date and ordered a PSI pursuant to Rule 29.07(a) and § 217.760. This procedure, of course, would not have prevented the respondent from requiring the relator to be placed or remain under the supervision of Probation and Parole as a condition of his remaining free on bail pending sentencing. Rule 33.01(d)(1).

Although we recognize that the respondent may have been certain as to what he meant by the terminology he used in his docket entry, which was not in accord with the statute employing the same terminology, given the fact that language used in docket entries, judgments, and the like, will be interpreted in light of the controlling rules and statutes, trial courts must endeavor to be as precise as possible when employing such language. To do otherwise, inevitably will confuse and confound subsequent proceedings wherein the trial court's actions come under scrutiny to determine their effect, such as here.

We next look to the respondent's actions on April 7, 1997, the date which he scheduled the relator's case for final disposition. On that date, the respondent sentenced the relator to four years in the Missouri Department of Corrections, the execution of which was suspended to July 7, 1997, "pending final disposition," with the relator to be supervised by Probation and Parole "on terms and conditions set forth in the PSI." The respondent also ordered Probation and Parole to provide a "recommendation prior to hearing for final disposition." In addition, the relator was ordered to: (1) pay court costs within fifteen days; (2) complete 100 hours of community service; (3) obtain counseling as deemed appropriate by the supervising probation officer; and, (4) submit to random urinalysis and a breathalyzer as requested by the supervising probation officer.

The "disposition" by the respondent on April 7, 1997, is confusing in several respects. According to the trial court's docket sheet, the relator's case was set for final disposition on April 7. The respondent's imposition of a four-year prison sentence, the execution of which was suspended, was, in part, an authorized disposition pursuant to § 557.011.2(4). However, in suspending the execution of the relator's sentence, the respondent, as part of the disposition, was also required by § 557.011.2(4) to place him on probation, which he did not do. Further, § 559.016.1(1) requires that any felony probation be for "[a] term of years not less than one year and not to exceed five years...." And, as discussed, *supra*, § 559.016.2 requires the trial court to "designate a specific term of probation at the time of sentencing or at the time of suspension of imposition of sentence." On April 7, the respondent failed to place the relator on probation for a specific term of years. Instead, he, in effect, bifurcated final sentencing by continuing the case to July 7, 1997, to make a final determination as to whether to grant the relator

probation after hearing a recommendation from Probation and Parole. This is a curious twist, inasmuch as the respondent, in suspending the relator's sentence, was required to grant him probation for a specific term. We can only assume that, in compliance with § 557.011.2(4), if the respondent had ultimately determined that probation was inappropriate, he then would have ordered the relator's sentence executed. In any event, given the requirements of §§ 557.011.2(4) and 559.016.1(2), and to avoid confusion, the better practice here would have been for the respondent to have delayed any determination as to the suspending of the relator's sentence until a final determination was made as to whether to grant him probation. Of course, any delays in sentencing would have to be reasonable. Rule 29.07(b)(1).

■ The disposition of April 7 is also confusing with respect to the fact that, although probation was not granted the relator until July 7, 1997, the respondent, *inter alia*, ordered him to complete 100 hours of community service, which is an authorized condition of probation. § 559.021. It is difficult to understand on what authority the respondent ordered the relator to do community service, when no probation yet existed, unless, of course, the trial court was under the mistaken belief it had the authority to order some type of "interlocutory" or "temporary" probation, prior to making a final determination as to whether to grant probation. The statutes and rules concerning probation, discussed, *supra*, make it perfectly clear that probation is an element of a statutorily authorized disposition. No authority existed for the respondent to order the relator to be placed on interlocutory or temporary probation, pending final sentencing. At most, he could only have required the relator to do those things which are authorized as conditions of any bond set to allow him to remain free while awaiting final sentencing. In any event, because on April 7: (1) the respondent had no authority to order "interlocutory" or "temporary" probation; (2) the relator was not given a "certificate explicitly stating the conditions on which he [was] being released," § 559.021.1, specifically, the term of probation that was being imposed, under § 559.016.1(1), which was not stated; and, (3)

the respondent concedes the relator was placed on probation on July 7, 1997, we find the relator was, in fact, not placed on probation until July 7, 1997. Having determined that the relator was lawfully placed on probation by order of the respondent on July 7, 1997, we now turn to whether the respondent exceeded his authority in setting aside his order of probation after the judgment of relator's conviction and sentence became final.

It is uncontested that a probation violation report was filed by Probation and Parole on August 19, 1997, alleging that the relator had violated his probation for unlawful acts which occurred prior to July 7, 1997. When it recognized the fact that the alleged violations occurred before the relator was placed on probation, Probation and Parole filed a supplemental report with the trial court, indicating that due to this fact, the relator had not violated his probation. Nonetheless, the respondent ordered the case set for September 8, 1997, for a "probation revocation hearing," which, after one continuance, was held on September 22, 1997. On September 22, after hearing evidence, the respondent ordered the relator's "order of probation set aside" because the "fact [that the relator had violated state law while pending final sentencing] was not known to the State or [Probation and Parole] on July 7, 1997, or to this court."

In contending that he did not exceed his jurisdiction in setting aside his order of probation, the respondent does not dispute the fact that on September 22, 1997, when he set aside his order, the judgment of conviction and sentence granting, *inter alia*, the relator probation was final, Rules 29.07(c); 29.13(a), and could not be modified, *Johnson v. State*, 941 S.W.2d 827, 830 (Mo.App.1997), except to the extent he retained continuing jurisdiction to modify the terms and conditions of relator's probation pursuant to §§ 559.016 and 559.021. He argues that, pursuant to this continuing jurisdiction, he could "modify" the relator's probation by setting it aside on the ground that he was not aware of the relator's alleged violations of state law when he granted him probation. Essentially, what he is arguing is that he was authorized to set aside or vacate the order of probation, as a modifi-

cation of the relator's probation, based on his mistaken belief as to the relator's criminal history when the order was entered. Or, in other words, as he states in his brief, he was not revoking the relator's probation as the relator claims, he was only "modifying" it by setting it aside. Respondent's argument is totally without merit.

In making his argument, the respondent equates the setting aside of an order of probation with modifying it. Obviously, the two are not the same. The former has the effect of ending the defendant's probation, while the latter only changes its terms or conditions. In making his argument, the respondent clearly misreads §§ 559.016 and 559.021 as to the trial court's continuing jurisdiction to modify probation. Both sections refer to modifying the "terms" or "conditions" of probation, neither authorizes a trial court to set aside or vacate an order of probation as the respondent asserts. A term of probation can only be cut short pursuant to § 559.036, which governs the "[d]uration of probation."

■ Section 559.036 provides for only two instances in which a probationary period can be truncated. In the first instance, § 559.036.2 provides that the "court may terminate a period of probation and discharge the defendant at any time before completion of the specific term fixed under section 559.016 if warranted by the conduct of the defendant and the ends of justice." Of course, the respondent here was not attempting to terminate the relator's probation for good conduct and discharge him. Rather, he was attempting to terminate his probation and resentence him. This fact is borne out by the respondent's docket entry of September 22, wherein he set aside his order of probation with "final disposition set for 9:00 a.m. Oct. 14, 1997." In the second instance, § 559.036.3 provides for what is to occur if the defendant violates a condition of probation. In the case of a violation, the court may: (1) "continue [the defendant] on the existing conditions, with or without modifying or enlarging the conditions or extending the term;" or, (2) "revoke probation and order that any sentence previously imposed be executed," or, if imposition of sentence was suspended, "impose any sentence available

under section 557.011, RSMo." § 559.036.3; *see* Rule 29.07(f). Obviously, the first circumstance has no application here. As to the second, concerning revocation, it also has no application for several reasons. First, as to revocation, the respondent assures us that he was not "revoking" the relator's probation in setting aside the order of probation. Second, even if the respondent was attempting to revoke the relator's probation, he could not, because the alleged violations in question occurred prior to the commencement of the probation, and probation can only be revoked for a violation occurring during probation, § 559.036.6; *U.S. v. Twitty,* 44 F.3d 410, 413 (6th Cir.1995), which is not what occurred here. It is only logical that one cannot violate a condition of probation before it exists. *Twitty,* 44 F.3d at 413. The probationary period here did not commence until July 7, 1997. § 559.036.1.

We can certainly appreciate the frustration of a trial court where it mistakenly grants probation based on an incomplete criminal history. However, this frustration does not empower it to do that which it is not authorized to do under the law, set aside the order of probation after the judgment of conviction and sentence is final. Moreover, it should be noted that this is not a situation where the defendant's undisclosed criminal activity at the time probation was granted will go unpunished simply because it cannot be collaterally dealt with in the context of probation in another criminal matter. The fact a defendant's probation, in a collateral criminal matter, remains unaffected would not prevent his direct prosecution for the alleged criminal violations in question.

■ For the reasons stated, the respondent, in ordering the relator's probation set aside and setting his case for resentencing, clearly exceeded his jurisdiction. As such, because there is no appeal from a trial court's granting or denying of probation, *State v. Simmons,* 660 S.W.2d 319, 321 (Mo. App.1983), or revoking probation, *State ex rel. Snider v. Flynn,* 926 S.W.2d 891, 894–95 (Mo.App.1996), pursuant to Mo. Const. art. V, § 4.1, § 530.010, Rule 84.22(a), our preliminary writ in prohibition is made absolute to prevent the respondent from exceeding his

jurisdiction, *State ex rel. Noranda Aluminum, Inc. v. Rains,* 706 S.W.2d 861, 862 (Mo. banc 1986); whereby, he is prohibited from setting aside the relator's probation for the alleged violations in question. *Johnson,* 941 S.W.2d at 830.

All concur.