STATE of Missouri, ex rel., Thomas E. WRIGHT, Relator,

v.

Honorable Joseph P. DANDURAND, Respondent.

No. WD 55259.

Missouri Court of Appeals, Western District.

July 28, 1998.

Alexander Lozano, Harrisonville, for relator.

Raymond Sonnenberg, Asst. Pros. Atty., Cass County, Harrisonville, for respondent.

Before HOWARD, P.J., and SMART and RIEDERER, JJ.

RIEDERER, Judge.

On July 13, 1992, Relator was placed on five years probation after pleading guilty to deviate sexual assault. Relator twice violated probation, and the sentencing court extended Relator's probation after each probation violation. On June 23, 1997, the sentencing court, pursuant to a third probation violation report, issued an order extending the Relator's probation three years, on the condition that the Relator serve 60 days shock time in the Cass County jail beginning on October 1, 1997, and also that Relator successfully complete sex offender counseling. On August 18, 1997, another probation violation report was issued. On September 22, 1997, the sentencing court issued a *capias* warrant, which was returned November 3, 1997. Relator filed a "Motion for Discharge from Probation" on November 25, 1997, and it was denied December 8, 1997, with the court setting a probation revocation hearing for January 12, 1998. Relator filed his "Petition for Writ of Prohibition" with this court on December 23, 1997. This court issued a "Preliminary Order in Prohibition" on January 21, 1998. We now make that order permanent.

Relator argues that Section 559.016, RSMo, 1996 and Section 559.036, RSMo.1996 limit a felony probation to five years, including any extension the court may grant. Respondent argues that Section 559.036.3, RSMo, 1996 specifically applies to probation revocations, granting the court power to extend a felony probation past five years when probation is revoked. Therefore, this court must determine whether Relator's interpretation of the cited statutes is correct, for, if it is, then our writ must be made absolute and Relator must be discharged from probation.

Section 559.016.3 provides:

The court may extend a period of probation, however, no more than one extension of any probation may be ordered. Total time on any probation term, including any extension, shall not exceed the maximum term as established in subsection 1 of this section.

Subsection 1 provides, in pertinent part, that, "[u]nless terminated as provided in Section 559.036, the terms during which each probation shall remain conditional and subject to revocation are: (1) a term of years not less than one year and not to exceed five years for a felony." Section 559.016.1. Therefore, this section stands for the proposition that the court may impose a probation term of one to five years for a felony; that the court may extend the period of probation, but no more than one time; and that the total time on any probation term, including that one extension, may not exceed five years for a felony.

Subsection 2 of Section 559.036 reiterates this rule of law by providing, in pertinent part as follows:

The court may extend the term of probation, but no more than one extension may be ordered. Total time on any probation term, including any extension shall not exceed the maximum term established in Section 559.016.

If this were all there were to this statute, then Relator would simply have to be discharged. However, we note that the beginning phrase of Section 559.016 is "Unless terminated as provided in Section 559.036...." This directs our attention to that section. Other than the language of subsection 2 quoted in the immediately preceding paragraph, the only part of Section 559.036 pertinent to our case is subsection 3:

3. If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. If imposition of sentence was suspended, the court may revoke probation and impose any sentence available under Section 557.011, RSMo. The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation. *The court may, upon revocation of probation, place an offender on a second term of probation. Such probation shall be for a term of probation as provided by Section 559.016, notwithstanding any amount of time served by the offender on the first probation.* (Emphasis added).

These last two sentences, Respondent argues, provide the basis for the court to exercise jurisdiction over the Relator beyond the five years of his original probation.

Respondent argues that this statute grants the sentencing court the power to revoke the first probation and impose a second probation of up to five years. Respondent concedes that there is no case law supporting this interpretation of the law. And it appears to be contrary to our holding in *State ex rel. Musick v. Dickerson*, 813 S.W.2d 75 (Mo.App.1991). However, we do not reach this issue. Even if Respondent's interpretation were correct, he cannot prevail, for there was never a revocation of the first term of probation within the five year term of that first probation.

Respondent imposed a five year term of probation on July 13, 1992. That five year probation terminated by operation of law on July 13, 1997. On June 23, 1997, the Respondent made the following entry on the Docket Sheet:

State appears by Assistant Prosecutor, Jim Ward. Defendant appears in person and by retained counsel, Scott Friedrich. Defendant admits and Court finds Defendant has violated his probation by absconding from probation supervision and by failure to complete sex offender treatment as directed. Defendant is *continued* on probation supervision and Defendant's probation is hereby *extended* for an additional three years on the condition that Defendant serve 60 days "shock" time in the Cass County Jail commencing on October 1, 1997, and thereafter enter into and suc-

cessfully complete sex offender counseling." (Emphasis added.)

Relator's term of probation was not revoked. This was not a second term of probation. This was, rather, a continuation and extension of the original term of probation. As such, the maximum amount of time the court was able to place Relator on probation was one term of five years. Section 559.016; Section 559.036. We therefore find that Relator's term of probation ended on July 13, 1997. Thus, Respondent was acting in excess of his jurisdiction in refusing to grant Relator's discharge from probation, and setting the case for a probation violation hearing. Therefore we make our preliminary order in prohibition permanent. Respondent is prohibited from (1) setting the case for a probation violation hearing and (2) denying Relator's request for discharge from probation.

HOWARD, P.J., and SMART, J., concur.