STATE of Missouri, ex rel. Lori
A. BROWN, Relator,

v.

The Honorable Roger COMBS Circuit Judge, Gentry County, Albany County, Missouri, Respondent.

No. WD 56745.

Missouri Court of Appeals,
Western District.

June 15, 1999.

Robert Taaffe, Maryville, for relator.

Edward Maschil Manring, Albany, for respondent.

Before LAURA DENVIR STITH, Presiding Judge, Judge EDWIN H. SMITH and Judge ALBERT A. RIEDERER.

LAURA DENVIR STITH, Judge.

Petitioner Lori A Brown filed a Petition for Writ of Prohibition to prevent the Honorable Roger E. Combs from asserting jurisdiction over a probation violation hearing scheduled for January 7, 1999. She asserted that her period of probation was completed, and that the court thus had no continuing jurisdiction over her and so had no authority to revoke her probation or to hold a hearing for that purpose. This Court issued its Preliminary Writ on January 8, 1999, directing Respondent to explain the basis of his assertion of jurisdiction to revoke Relator's probation and to refrain from exercising jurisdiction over Relator pending this Court's determination whether to issue a permanent writ. Because we find that Relator's probationary period ended on January 24, 1998, and that Respondent failed to complete the probation revocation process by executing sentence within a reasonable time thereafter, we now make our writ permanent. We direct Respondent not to hold a probation revocation hearing or to revoke Relator's probation, and to instead enter an order terminating Relator's probation as of January 24, 1998, and order that Relator be discharged from probation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Relator pleaded guilty to tampering, second degree, on January 24, 1996. Imposition of sentence was suspended, and Relator was placed on two years probation. Some 15 months later, in April 1997, a motion to revoke probation was filed based on an alleged probation violation. On June 25, 1997, the court entered a form order imposing and then suspending execution of a one-year sentence, except for 15 days of shock probation, and ordered probation to continue on its original terms plus some additional terms.[1]

In August 1997, a probation violation report was again filed. Following a hearing on October 8, 1997, the court, apparently believing that it had previously extended rather than revoked Relator's original probation, ordered that original term of probation revoked, but imposed a new term of probation for two years.[2] A year later, on October 22, 1998, Relator allegedly violated her probation yet again and a motion to revoke probation was filed.

The court scheduled a hearing on the motion to revoke probation for January 7, 1999. Relator moved to dismiss, asserting that the earlier purported imposition of a new two-year period of probation on October 8, 1997 was void because it constituted a third term of probation in violation of Missouri statutes. The trial court denied Relator's motion. We granted Relator a Preliminary Writ; we now make our Writ permanent.

## II. RELATOR IS ENTITLED TO BE DISCHARGED FROM PROBATION

 Relator asserts that the purported imposition of a new two-year period of

---

1. The form order is apparently prepared by and routinely used by the Circuit Court of Gentry County, Missouri. The form showed that the court found that Relator did violate her probation, then it checked off and partially filled in blanks on the form, which stated as follows:

 X Defendant sentenced to jail for a period of *(1) one year to commence on* _____ and be finally served by _____.

 X Execution of (jail sentence) is suspended and defendant is *continued on probation under all conditions imposed in original or-* *der* herein dated X with the following additional special conditions:

 X Defendant to serve 15 days shock time by: *60 days* ...
 It is further ordered: *Probation – Extensive – Follow Aftercare—* ...

2. The court again filled in a blank on its standard form, stating:

 It is further ordered: X defendant revoked but then very reluctantly continued on probation which is extended two years (Second Term) ... All per Section 559.036.3.

probation on October 8, 1997, was void because the court had already once revoked Relator's probation when it imposed a one-year sentence and shock probation and then suspended the execution of the remainder of the sentence on June 25, 1997. She argues that Section 559.036.3 [3] only permits the court to revoke and then impose a new term of probation once, so that the court was without authority to again revoke and then impose a new term of probation as it purported to do on October 8, 1997. Therefore, she argues, the court's October 8 order in which it purported to revoke her probation, but then imposed a third period of probation, was void, and, when the Petitioner's original term of probation ended on January 24, 1998, she should have been released from probation, and hence, was no longer subject to the jurisdiction of the court.

Pursuant to Section 559.016.3 and Section 559.036.2, the court may extend a period of probation previously ordered one time, but the total time on any term of probation for a misdemeanor may not exceed the maximum two-year period authorized by Section 559.016.1. [4] However, if a probation violation occurs, the court is authorized by Section 559.036.3 to revoke the defendant's probation and to impose a new period of probation, as follows:

> (3) If the defendant violates a condition of probation at any time prior to the expiration or termination of the probation term, the court may continue him on the existing conditions, with or without modifying or enlarging the conditions or extending the term, or, if such continuation, modification, enlargement or extension is not appropriate, may revoke probation and order that any sentence previously imposed be executed. *If imposition of sentence was suspended, the court may revoke probation and*

*impose any sentence available under section 557.011, RSMo. The court may mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation. The court may, upon revocation of probation, place an offender on a second term of probation. Such probation shall be for a term of probation as provided by section 559.016, notwithstanding any amount of time served by the offender on the first term of probation.*

§ 559.036.3 (emphasis added). As this provision indicates, the court may take advantage of Section 559.036.3's permission to revoke and impose a new term of probation only once. *State ex rel. Light v. Sheffield,* 768 S.W.2d 590, 592 (Mo.App. 1989); *State ex rel. Wright v. Dandurand,* 973 S.W.2d 161, 162 (Mo.App.1998). If the court again revokes probation, it has no authority under this or any other statute *to impose a third period of probation. Id.*

Here, when Relator pleaded guilty to the misdemeanor of tampering, second degree, the judge initially chose the disposition of suspending imposition of sentence and imposing a two-year probationary period beginning on January 24, 1996, as authorized by Section 559.016.1. Thus, that period would have ended on January 24, 1998, unless that period of probation was terminated under Section 559.036.3 and a new period of up to two years probation were imposed before the latter date.

On June 25, 1997, the judge held a probation revocation hearing. At the conclusion of the hearing, the judge entered an order which stated that the court imposed a sentence of one year and then suspended execution of that sentence except for 15 days of shock probation. The judge further ordered that all of the terms of the

---

**3.** Statutory references are to RSMo Cum. Supp.1998, unless otherwise indicated.

**4.** Section 559.016.1, states in relevant part: Unless terminated as provided in section 559.036, the terms during which probation

shall remain conditional and be subject to revocation are:
(2) A term not less than six months and not to exceed two years for a misdemeanor; . . .

original order continued. Inasmuch as the length of probation is considered to be a term or condition of probation, we interpret the judge's order to mean that the probationary period was to be the same as the original period, which was to end on January 24, 1998.

■ In this Court, the judge takes the position that, because his June 25, 1997 order did not state that he was revoking probation, the order did not constitute a revocation of probation, but, instead, simply constituted a modification of the terms and conditions of the original probation. We disagree. Under Section 557.011.2, suspended imposition of sentence is a different disposition than suspended execution of sentence. *See State ex rel. Popowich v. Conley*, 967 S.W.2d 294, 297 (Mo. App.1998). Here, the judge initially ordered a suspended imposition of sentence. He then changed his disposition due to the probation violation and imposed sentence but ordered a suspended execution of sentence. Section 559.036.3 specifically states, however, that if the court wants to impose a sentence where "imposition of sentence was suspended, the court *may revoke probation and impose any sentence available under section 557.011, RSMo.*" In order to impose sentence and then suspend its execution, the court was thus required to first revoke probation.

Here, the court failed to explicitly state it revoked probation in its June 25, 1997 order when it imposed a sentence and then ordered its execution suspended and that Relator be placed on probation subject to the original conditions of probation. We cannot term this action a nullity, however, and treat Relator as if she were still under the suspended imposition of sentence originally imposed, for Relator in fact was required to serve 15 days of shock probation, that is, sentence was partially executed.

Therefore, in this case, we find that the June 25, 1997 order implicitly did revoke Relator's probation after suspended imposition of sentence, as only in this way could the court impose a sentence and order shock probation and suspension of execution of the one-year sentence imposed.[5]

■ This case is further complicated by the fact that, on October 8, 1997, the court was again asked to revoke probation. Believing, erroneously, that the original probation was still in effect, the court ordered that probation be revoked. The court specifically determined not to order execution of sentence, and instead ordered that a new two-year term of probation be imposed. This order would have been proper under Section 559.036.3 if the court had not implicitly revoked the original probation by its order of June 25, 1997. Because it had already done so, however, and because Section 559.036.3 permits imposition of an additional term of probation only one time following revocation of the original probation, the court was without authority to order that Relator be subject to a new two-year term of probation.

Moreover, we cannot treat its order of October 8, 1997 as merely an extension of the new term of probation implicitly ordered on June 25, 1997, both because it expressly states that the probation previously ordered is revoked, and because, in his filings in this Court, the Respondent judge has expressly reaffirmed that he intended to revoke probation on that date and not to merely extend the earlier probationary period.

However, despite the deficiencies in the procedure followed, we do not hold that Respondent's October 8, 1997 order was entirely a nullity, for Respondent clearly had the authority to revoke Relator's pro-

---

5. To the extent that Respondent judge's order below and arguments in this Court demonstrate that he believes he is authorized to impose a sentence, previously suspended, without first revoking probation previously granted, and to the extent that the court's local forms contain a place for it to so direct, we order that this procedure no longer be followed and that the form orders be amended to delete this option and to list only those options permissible under the relevant statutes.

bation as he did in that order. He did not have authority to impose a new probationary period, though; upon revocation, under Section 559.036.3, he was required to order execution of the one-year sentence previously imposed, or he could "mitigate any sentence of imprisonment by reducing the prison or jail term by all or part of the time the defendant was on probation." *Id.*

Of course, Respondent did not order execution of sentence in whole or in part. Instead, believing that he had authority to order a new term of probation, he did just that. Since he had no authority to order that new term of probation, we hold the latter part of his order to be void. Thus, we are left with the situation where Relator's second term of probation was revoked, but her sentence remained unexecuted and no further action was taken against her for over one year, until a probation violation report was reportedly entered on October 22, 1998.

We believe that, on these facts, to now order that the court execute a sentence on remand would violate the requirements of Section 559.036.6. That section states:

> The power of the court to revoke probation shall extend for the duration of the term of probation designated by the court **and for any further period which is reasonably necessary for the adjudication of matters arising before its expiration,** provided that some affirmative manifestation of an intent to conduct a revocation hearing occurs prior to the expiration of the period and that **every reasonable effort is made to notify the probationer and to conduct the hearing prior to the expiration of the period.**

§ 559.036.6 (emphasis added). Our prior cases have held that this section is complied with when, prior to the expiration of probation, there is some affirmative manifestation of the court's intent to timely conduct a revocation hearing and there is no unreasonable delay in affording the probationer the hearing. *Williams v. State,* 927 S.W.2d 903 (Mo.App.1996);

*Wesbecher v. State,* 863 S.W.2d 2 (Mo.App. 1993); *State ex rel. Carlton v. Haynes,* 552 S.W.2d 710 (Mo. banc 1977).

Here, the period of probation was set to end on January 24, 1998. The court had given notice of revocation and held a revocation hearing and revoked probation prior to that date, and thus had a reasonable period after January 24, 1998, in which to complete its job by ordering execution of sentence as originally imposed, or as mitigated by time served on probation. However, the court did not complete these acts within a reasonable period, nor did it make a reasonable effort to do so. Rather, due to its void attempt to extend probation for a third two-year term, it took no steps toward execution of sentence for more than one year. During that period, Relator was required to continue to comply with the conditions of probation, although her probation in fact should have ended on January 24, 1998.

In this circumstance, we direct that, because the court failed to complete probation revocation proceedings within a reasonable period following the end of the probationary period on January 24, 1998, it lost jurisdiction over Relator and hence has no authority now to continue or revoke that probation. We therefore make our writ permanent, and direct Respondent to order the period of probation terminated and to order Relator to be discharged from probation.

Judge EDWIN H. SMITH and Judge ALBERT A. RIEDERER, concur.