**Michael OBRADOVICH, Petitioner,**

v.

**Donald PETERSON, Respondent.**

**No. 59308.**

Supreme Court of Missouri,
En Banc.

June 15, 1978.

Theodore F. Schwartz, Clayton, for petitioner.

John D. Ashcroft, Atty. Gen., Neil MacFarlane, Asst. Atty. Gen., Jefferson City, for respondent.

FINCH, Judge.

On August 25, 1970, petitioner, charged in the Circuit Court of the City of St. Louis with murder in the first degree, was found by the court to be not guilty by reason of mental disease or defect excluding responsibility pursuant to § 552.030[1] and, in accordance with § 552.040,[2] was ordered committed to the custody of the Director of the Division of Mental Diseases and placed in the Fulton State Hospital. In this proceed-

---

1. All statutory references are to RSMo 1969 unless otherwise indicated.

The pertinent portion of § 552.030 provides:

"1. A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law.

"2. Evidence of mental disease or defect excluding responsibility shall not be admissible at trial of the defendant unless the defendant at the time of entering his plea to the charge pleads not guilty by reason of mental disease or defect excluding responsibility, or unless within ten days after a plea of not guilty or at such later date as the court may for good cause permit, he files a written notice of his purpose to rely on such defense. Such a plea or notice shall not deprive the defendant of other defenses. The state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, if the defendant has no other defense and files a written notice to that effect. Upon the state's acceptance of the defense of mental disease or defect excluding responsibility, the court shall proceed to order the commitment of the defendant as provided in section 552.040 in cases of persons acquitted on the ground of mental disease or defect excluding responsibility, and further proceedings shall be had regarding the confinement and release of the defendant as provided in that section."

2. Sec. 552.040 provides in part:

"1. When a defendant is acquitted on the ground of mental disease or defect excluding responsibility, the court shall order such person to be committed to the director of the division of mental diseases for custody, care and treatment in a state mental hospital."

ing petitioner seeks by writ of habeas corpus to be released from confinement in said hospital. We quash.

Petitioner's amended petition for writ of habeas corpus alleged that at no time did he authorize the filing on his behalf of a written notice pursuant to § 552.030.2 that he had no defense to the charge of murder except mental disease or defect excluding responsibility, that his attorney in the murder case exceeded his authority by filing such a written notice on May 12, 1970, and that petitioner did have other defenses to the murder charge.[3]

In the return to our preliminary writ of habeas corpus, respondent[4] denied the allegation that petitioner had not authorized the filing of a notice that petitioner had no defense other than mental disease or defect excluding responsibility and denied that petitioner's attorney exceeded his authority when he filed such a notice. In addition, the return alleged that petitioner was in court at the time of the order and judgment whereby he was found not guilty by reason of mental disease or defect and committed to the Fulton State Hospital and that this constituted a waiver of petitioner's objection.[5]

There being disputed issues of fact raised by the pleadings, we designated the Honorable Frank Conley, Judge of the 13th Judicial Circuit, as master to hear evidence and make findings of fact and conclusions of law with reference to certain issues, includ-

ing "whether the entering of petitioner's plea of not guilty by reason of mental disease or defect excluding responsibility, and the filing, if so, of a written notice that petitioner had no other defense was done or filed by petitioner's attorney of record without petitioner's authorization or approval or knowledge or acquiescence therein."

After an evidentiary hearing, the master made a finding "that petitioner's attorney, Bart Mantia,[6] filed a written statement that petitioner had no defense other than that of mental disease or defect as a necessary step to authorize the trial court to accept petitioner's plea of not guilty by reason of mental disease or defect excluding responsibility, and that such filing was done with the authority of the petitioner." In reaching that conclusion, the master points out that while petitioner during the hearing contended that a written statement was not filed, his first amended petition admitted that his attorney did file such written notice. In addition, the master noted, the order and judgment of Judge Vernon W. Meyer on August 26, 1970, accepting petitioner's defense of mental disease or defect recited that petitioner had filed a written statement that he had no other defense. The master also observed that he declined to find petitioner credible and did not accept his version that he did not authorize the filing of such a written notice.

3. Petitioner also alleged that he was being subjected to cruel and unusual punishment by virtue of his commitment to the state hospital in that he was being forced to use debilitating drugs which serve no legitimate medical function but merely placate petitioner and render him incapable of maintaining his normal mental state. The master, appointed by this court to hear evidence on certain disputed issues and to make findings of fact and conclusions of law, found against petitioner on this issue. Petitioner has not briefed this point and we consider it abandoned.

4. Dr. Peterson was named as respondent in his capacity as Superintendent of the Fulton State Hospital. The evidence discloses that at the time of the evidentiary hearing he had been succeeded in that capacity by Dr. Richard K. Jacks but no substitution of parties was made.

5. The return also alleged that on July 9, 1971, petitioner was civilly committed to Fulton State Hospital by the Probate Court of Calloway County and that both that order and the order of the Circuit Court of the City of St. Louis committing petitioner under § 552.040 are still in effect. Petitioner, in his reply, alleged that this order of the probate court was obtained by fraud, deceit and trickery. The master heard evidence on this issue and made findings and conclusions against petitioner. The issue has not been briefed by petitioner. We consider it abandoned.

6. Mr. Mantia was deceased at the time of the evidentiary hearing.

Sec. 552.030.2 makes it mandatory that defendant file a written notice that he has no defense other than not guilty by reason of mental disease or defect excluding responsibility before the state may accept such plea and, therefore, before the court may find defendant not guilty for that reason. *Ex parte Kent*, 490 S.W.2d 649 (Mo. banc 1973); *State v. Grantham*, 519 S.W.2d 19 (Mo. banc 1975); *Briggs v. State*, 509 S.W.2d 154 (Mo.App.1974). The respondent does not contend otherwise. The dispute between petitioner and respondent involves whether the evidence supports the master's conclusion that petitioner's attorney was authorized to and did in fact file a written notice that petitioner had no other defense than mental disease or defect.

At the evidentiary hearing, petitioner offered in evidence a certified copy of the file in the murder case against petitioner in the Circuit Court of the City of St. Louis. He points out that the file does not contain a written notice by defendant that he has no defense other than not guilty by reason of mental disease or defect excluding responsibility. He argues that if such a notice was filed it would be in the court file and that its absence indicates there was no such written notice. That contention was made to the master. He considered it but concluded that the evidence taken as a whole, including the fact that the specific language in Judge Meyer's judgment indicated that defendant (petitioner herein) had filed such a notice, plus the fact that the filing of such notice had been admitted in petitioner's amended petition for writ of habeas

corpus, established that petitioner had authorized such a notice and that it was filed.

We conclude and hold that the evidence supports and calls for the conclusion reached by the master.[7] Accordingly, the writ of habeas corpus is quashed and petitioner is remanded to the custody of respondent.

MORGAN, C. J., BARDGETT, DONNELLY, RENDLEN and SEILER, JJ., and HOUSER, Special Judge, concur.

SIMEONE, J., not participating because not a member of the court when cause was submitted.

---

7. At the time of the evidentiary hearing before the state, a transcript of the hearing on August 25, 1970, before Judge Meyer was not available and it was believed that the notes thereof could not be found. Thereafter, the notes were found and a transcript prepared. It has been filed by agreement of the parties. We note that the following appears in that transcript.

"THE COURT: It's your contention, Mr. Mantia, that at the time of the commission of this occurrence he was mentally ill, not responsible for his actions?

"MR. MANTIA: Yes, Your Honor.

"THE COURT: And your only defense is that he is innocent by reason of that condition; is that correct?

"MR. MANTIA: Yes, Your Honor.

"THE COURT: And it's your intention today, if you can, to prove that that condition existed at the time of the commission of this offense and if the Court finds it to be true that this man be acquitted and committed to the director of the division of mental diseases.

"MR. MANTIA: Yes, Your Honor.

"THE COURT: All right. I guess first we better go into whether or not this defendant understands the nature of these proceedings at this time."

The court then first proceeded to determine that defendant was capable of understanding the proceedings against him and cooperating in his defense.