**STATE of Missouri, ex rel. Sean T. MOYER, Relator,**

v.

**The Hon. J. Rockne CALHOUN, Associate Circuit Judge for the Circuit Court of Lincoln County, Respondent.**

**No. ED 78078.**

Missouri Court of Appeals, Eastern District, Writ Division Two.

July 18, 2000.

D. Lashon Rhodes, Troy, for appellant.

William G. Jurgiel, Lincoln Co. Pros. Office, Troy, for respondent.

LAWRENCE G. CRAHAN, Presiding Judge.

Relator, Sean T. Moyer, filed a Petition for Writ of Prohibition along with Suggestions in Support and exhibits to prevent Respondent, the Honorable J. Rockne Calhoun, from asserting jurisdiction over a probation violation hearing scheduled for July 10, 2000. He asserts that the trial court lost jurisdiction over him when Respondent executed his sentence in March 1998 and that Respondent had no authority to impose a new term of probation because it constituted a third term of probation in violation of Missouri statutes. Respondent has filed a Response to Relator's Petition for Writ of Prohibition.

The facts and law are clear. In the interest of justice, as permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument and issue our peremptory writ of prohibition.

In December 1996, Relator pled guilty to property damage in the second degree, a class B misdemeanor. Imposition of sentence was suspended and Relator was placed on two years probation.

In March 1997, Respondent suspended Relator's probation and scheduled a hear-

ing to revoke his probation due to violations of the terms and conditions of his probation. In April 1997, Respondent revoked Relator's probation and sentenced him to one year in the Lincoln County Jail. Respondent suspended execution of Relator's sentence, with the exception of thirty days shock jail time, and placed him on probation.

In March 1998, Respondent again revoked Relator's probation and executed the sentence previously imposed, after reducing it by one month, thereby requiring Relator to serve eleven months in the Lincoln County Jail. In September 1998, after Relator served six months of his sentence and paid $2000.00 in restitution, Respondent granted him early release and imposed a new two year term of probation.

More than a year later, in December 1999, Respondent scheduled a hearing to revoke Relator's probation. Relator moved to dismiss, asserting that the earlier purported imposition of a new period of probation in September 1998 was void because it constituted a third term of probation in violation of Missouri statutes. Respondent denied Relator's motion.

Relator asserts that the purported imposition of a new two year period of probation in September 1998 was void because Respondent had already once revoked Relator's probation when Respondent imposed a one year sentence and shock probation and then suspended the execution of the remainder of the sentence in April 1997. He argues that section 559.036.3 only permits the court to revoke and impose a new term of probation once, so Respondent was without authority to again revoke and then impose a new term of probation as Respondent purported to do in September 1998. Therefore, he argues, Respondent's September order was void and his original term of probation ended when Respondent executed his sentence in March 1998.

■ Pursuant to sections 559.016.3 and 559.036.2 RSMo Supp.1999, a court may extend a period of probation previously ordered one time, but the total time on any term of probation for a misdemeanor may not exceed the maximum two year period authorized by section 559.016.1. If a probation violation occurs, the court is authorized by section 559.036.3 to revoke the defendant's probation and to impose a new period of probation. A court may take advantage of Section 559.036.3's permission to revoke and impose a new term of probation only once. *State ex rel. Brown v. Combs*, 994 S.W.2d 69, 71 (Mo.App.1999)(citing *State ex rel. Light v. Sheffield*, 768 S.W.2d 590, 592 (Mo.App. 1989)). If the court again revokes probation, it has no authority under this or any other statute to impose a third period of probation. *Id.* Respondent agrees that this is a correct statement of the law.

■ Here, the April 1997 order, revoking Relator's initial term of probation and suspending execution of the sentence, with the exception of shock time, operated as the only additional term of probation Respondent was authorized to impose pursuant to section 559.036.3. After this point, Respondent did not have authority to impose a new probationary period, although, upon revocation under section 559.036.3, Respondent could order execution of the sentence previously imposed or "mitigate any sentence of imprisonment by reducing the prison term by all or part of the time the defendant was on probation." *Id.* at 73. Respondent chose the former option of executing Relator's sentence but had no authority to impose an additional term of probation when he granted early release in September 1998.

■ Because Respondent had no jurisdiction to impose a third term of probation in the September 1998 order, it follows that Respondent likewise has no jurisdiction to conduct a hearing to adjudicate whether Relator violated such probation. Accordingly, we issue our peremptory writ of prohibition directing Respondent to cancel the proposed July 10, 2000 revocation hearing and direct that Respondent enter

an order discharging Relator from probation.

KATHIANNE KNAUP CRANE, J., concurs.

GEORGE W. DRAPER, III, J., concurs.