**STATE ex rel. Jeremiah W. (Jay) NIXON, Attorney General, Relator,**

v.

**The Honorable Ralph JAYNES, Circuit Judge, Randolph County,**

and

**Norma Prange, Circuit Clerk, Randolph County, Respondents.**

**No. SC 83941.**

Supreme Court of Missouri, En Banc.

April 23, 2002.

Eric B. Wise, Moberly, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, for Respondents.

PER CURIAM.

Eric B. Wise pleaded guilty to three drug offenses. Initially, he was placed on probation. Subsequently, the probation was revoked by the circuit court of Nodaway County, and Wise began serving his sentence. He then filed a petition for writ of habeas corpus in the circuit court of Randolph County—the county where he was confined.

The petition alleged that the trial court denied Wise the benefit of counsel at the probation revocation hearing. The petition also asserted that the probation violation was a "technical" violation for which an alternative to incarceration was applicable and available. The petition was granted by the circuit court on the issue of the benefit of counsel. As a remedy, the court purported to vacate the judgment revoking probation and to remand Wise to the Nodaway County circuit court, in which the revocation had occurred, for further proceedings.

The attorney general sought review of the circuit court's decision by means of a petition for writ of certiorari. *Mo. Const. article V, section 4.* This Court issued the writ as of course and of right. *State ex rel. Nixon v. Kelly,* 58 S.W.3d 513, 516 (Mo. banc 2001).[1] This Court finds that the respondent judge acted in excess of his rightful jurisdiction. The record of the circuit court granting habeas corpus relief is quashed.

■ Generally, habeas corpus proceedings are limited to determining the facial validity of confinement. *State ex rel. Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993). Such proceedings are properly invoked to challenge an improper probation revocation. *State ex rel. Sim-*

*mons v. White,* 866 S.W.2d 443, 447, n. 3 (Mo. banc 1993); *Abel v. Wyrick,* 574 S.W.2d 411, 413 (Mo. banc 1978). The habeas corpus petitioner has the burden of proof to show that he is entitled to habeas corpus relief. *McIntosh v. Haynes,* 545 S.W.2d 647, 654 (Mo. banc 1977).

■ The record certified to this Court contains the first amended judgment of the Nodaway County circuit court. That judgment recites that Wise was "informed of the right to counsel and that counsel would be appointed if [Wise] could not afford an attorney." The judgment further recites that Wise waived his right to counsel.

Respondent acknowledged the statements in the Nodaway County circuit court judgment, but concluded that the transcript provided to the Randolph County circuit court "shows otherwise." In fact, the transcript is silent on the matter. Moreover, Wise did not plead that counsel was refused; rather, he pleaded that his waiver was not competent, voluntary and understanding. No evidence was offered to support that allegation.

Because in this case the record shows a facially valid confinement, habeas corpus relief was not available. The record of the Circuit Court for Randolph County, which granted *habeas corpus* relief, is quashed.

LIMBAUGH, C.J., WHITE, WOLFF, BENTON, LAURA DENVIR STITH and PRICE, JJ., and SHRUM, Sp.J., concur.

RICHARD B. TEITELMAN, J., not participating.

---

1. The attorney general originally sought relief by a petition for writ of certiorari in the court of appeals. That court's refusal to issue the

writ as requested by the attorney general was erroneous.