**STATE of Missouri, ex rel. Chris KOSTER, Relator,**

v.

**The Honorable Robert KOFFMAN, Circuit Judge of Cooper County, and Jammey Brandes, Circuit Clerk, Cooper County Circuit Court, Respondents.**

**No. WD 70688.**

Missouri Court of Appeals, Western District.

June 30, 2009.

---

**4.** Movant's trial defense never was misidentification.

Andrew Hassel, for Relator.

David Grace, for Respondents.

Before Writ Division: VICTOR C. HOWARD, P.J., HAROLD L. LOWENSTEIN, Judge and LISA WHITE HARDWICK, Judge.

VICTOR C. HOWARD, Judge.

The Attorney General seeks a writ of certiorari asking this court to quash the Cooper County Circuit Court's grant of a habeas corpus writ ordering prisoner, Brian Prater, be remanded to the county sheriff for further proceedings. The record of the circuit court granting the writ of habeas corpus is quashed.

Mr. Prater was charged by information with the class D felony driving while intox-

icated (DWI), section 577.010, RSMo 2000. The information alleged that Mr. Prater was a persistent offender under section 577.023.1(4), RSMo Cum.Supp.2005, in that he had pleaded guilty to two prior DWI offenses. As a persistent offender, the new DWI charge was punishable upon conviction as a class D felony. § 577.023.3, RSMo Cum.Supp.2005.[1] Mr. Prater pleaded guilty to the charge, and on October 30, 2006, he was sentenced to three years imprisonment. The court suspended execution of Mr. Prater's sentence and placed him on probation.

On January 22, 2007, Mr. Prater's probation was revoked, and he was ordered to serve the balance of the three-year sentence previously imposed. On March 2, 2008, the Missouri Supreme Court handed down its decision in *Turner v. State*, 245 S.W.3d 826, 829 (Mo. banc 2008), which held that a prior municipal DWI conviction resulting in a suspended imposition of sentence (SIS) cannot be used to enhance punishment under section 577.023.

On December 5, 2008, Mr. Prater filed his petition for writ of habeas corpus arguing that the sentence imposed was in excess of the maximum sentence authorized by law because one of the two prior DWI offenses used to prove his status as a persistent offender was a prior municipal offense that resulted in an SIS. The circuit court granted Mr. Prater's writ of habeas corpus and ordered Mr. Prater be remanded to the custody of the Buchanan County Sheriff for further proceedings upon the criminal charges for misdemeanor DWI. The Attorney General then filed the present writ of certiorari seeking that the writ of habeas corpus be quashed. This court granted certiorari.

■ The grant of a writ of habeas corpus in a lower court is reviewed by writ of certiorari. *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 518 (Mo. banc 2001). Review is limited to determining whether the habeas court exceeded the bounds of its jurisdiction. *Id.*; *State ex rel. White v. Davis*, 174 S.W.3d 543, 547 (Mo.App. W.D.2005). The appellate court reviews only questions of law, not of fact, and is generally limited to the record before the habeas court. *Davis*, 174 S.W.3d at 547. The sufficiency of the evidence to support a habeas writ is a question of law subject to certiorari review. *Sprick*, 59 S.W.3d at 518.

■ Rule 91.01(b) provides that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." *See also State ex rel. Fowler v. Purkett*, 156 S.W.3d 357, 359 (Mo.App. E.D.2004). A petition for habeas corpus relief is limited to determining the facial validity of confinement. *State ex rel. Nixon v. Jaynes*, 73 S.W.3d 623, 624 (Mo. banc 2002).

■■ Generally, a writ of habeas corpus may not be utilized to raise a procedurally-barred claim; that is, a claim that could have been raised, but was not, on direct appeal or in a postconviction proceeding. *Clay v. Dormire*, 37 S.W.3d 214, 217 (Mo. banc 2000)(citing *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993)). However, a petitioner may be entitled to relief on a claim not raised in a postconviction motion if the petitioner can assert either (1) a claim of actual innocence, (2) a jurisdictional defect, or (3) the procedural default was caused

---

1. Under section 577.023.1(5), RSMo Cum. Supp.2005, a prior offender is a person who has pleaded guilty to one intoxication-related traffic offense occurring within five years of the current offense. As a prior offender, a new DWI charge is punishable upon conviction as a class A misdemeanor. § 577.023.2, RSMo Cum.Supp.2005.

by something external to the defense and prejudice resulted from the underlying error that worked to the petitioner's actual and substantial disadvantage (the so-called "cause and prejudice" standard). *Brown v. State,* 66 S.W.3d 721, 731 (Mo. banc 2002).

"The habeas corpus petitioner has the burden of proof to show that he is entitled to habeas corpus relief." *Jaynes,* 73 S.W.3d at 624. In his petition for writ of habeas corpus, Mr. Prater alleged that one of the prior DWI offenses used to prove his status as a persistent offender was a municipal offense that resulted in an SIS. Nothing in the record provided to this court, however, supports Mr. Prater's allegation that the offense resulted in an SIS. Because the record shows a facially valid confinement, habeas corpus relief was not available. *Id.* The circuit court exceeded the bounds of its jurisdiction. The record of the circuit court granting habeas corpus relief is quashed without prejudice so as not to preclude any future proceedings on the merits of this case.

All concur.