

# In the Missouri Court of Appeals
# Eastern District

WRIT DIVISION FOUR

STATE OF MISSOURI EX REL.      )   No. ED103976
CHRIS KOSTER,      )
     )
     Relator,      )
     )
v.      )   Writ of Certiorari
     )   Cause No. 1522-CC00702
THE HONORABLE PHILIP HEAGNEY,      )
Circuit Judge, St. Louis City, and      )
     )
THOMAS L. KLOEPPINGER,      )
Circuit Clerk, St. Louis City,      )   Filed:   June 30, 2016
     )
     Respondents.      )
     )

## Introduction

This is an original proceeding in certiorari to review the issuance of a writ of habeas corpus directing George Fisher (Fisher) be released from the custody of the Department of Mental Health (DMH). The habeas court ordered Fisher released after finding his commitment was based on defective pleas of not guilty by reason of mental disease or defect (NGRI) in two separate cases, one originating in Jackson County and the other in Audrain County.

The State seeks review of the habeas court's decision by means of a petition for writ of certiorari. The record of the habeas court granting Fisher's petition for writ of

habeas corpus in Jackson County is quashed and we refuse to quash the record as to the Audrain County case.

Factual and Procedural Background

Chris Koster (Relator) filed a Petition for Writ of Certiorari along with Suggestions in Support and Exhibits, challenging the habeas court's February 2, 2016 Order Granting In Part Petitioner's Petitions For Writ of Habeas Corpus and ordering the release of Fisher from the custody of the DMH. This Court issued the writ of certiorari to the Circuit Clerk of the City of St. Louis directing a certified copy of the record of the proceedings in Fisher's habeas corpus case Fisher v. Laurent Javois, 1522-CC00702, be filed with this Court. The record was filed in this Court.

The record reflects that Fisher pled NGRI in two cases, a 2007 arson case in Jackson County[1] and a 2008 possession case in Audrain County.[2] The prosecutor and court accepted the pleas in both cases and Fisher is currently in the custody of the DMH in the Fulton State Hospital in Fulton, Missouri. Laurent Javois (Javois), Regional

---

[1] On July 4, 2005, Fisher attempted to set his girlfriend's father's porch on fire in Jackson County, Missouri. On January 20, 2007, Fisher pled guilty to first-degree arson. The Circuit Court of Jackson County sentenced Fisher to twelve years' imprisonment in the Department of Corrections. Fisher then filed a *pro se* Rule 24.035 motion for post-conviction relief, later amended by counsel asserting the guilty plea was not knowing, intelligent, and voluntary because Fisher was NGRI at the time of the offense. Fisher and the State entered into discussions on the amended motion, and Fisher produced two evaluations that supported his NGRI claim. As a result of the discussions, Fisher and the State agreed the Jackson County Circuit Court should grant relief on Fisher's motion, and Fisher should enter a NGRI plea. Fisher's attorney filed a NGRI notice as part of these proceedings.

[2] Three months after he committed the arson in Jackson County, Fisher was arrested in Audrain County and taken to the county jail. While at the Audrain County jail, Fisher was found in possession of a controlled substance and was charged with this crime. On May 19, 2008, the Audrain County Circuit Court issued its judgment finding Fisher NGRI and ordering him committed to the DMH. The NGRI plea was accepted by the State, and the court's judgment of commitment reflects a NGRI notice was filed. However, the notice currently cannot be located in the Audrain County Circuit Court's file. A copy is in the State's file and the Public Defender's electronic file.

2

Executive Officer of the St. Louis Psychiatric Rehabilitation Center, is the DMH official with custody over Fisher.

On March 30, 2015, Fisher filed a petition for writs of habeas corpus in the Circuit Court of the City of St. Louis in Fisher v. Javois, 1522-CC00702, challenging his own NGRI pleas. On April 9, 2015, Fisher filed his first amended petition for habeas corpus relief. On April 20, 2015, Fisher filed his second amended petition for habeas corpus relief. These petitions challenged Fisher's commitment to the DMH in the Jackson County arson case, State v. Fisher, 0516-CR8303-01, and related PCR case, Fisher v. State, 0716-CV08959; and the Audrain County possession case, State v. Fisher, 05U1-CR00609.

Fisher's habeas corpus petitions alleged the NGRI pleas in the Jackson County Case and the Audrain County Case were both deficient. Fisher's petitions also alleged the DMH was violating his Eighth Amendment rights because it was providing inadequate medical treatment. The habeas court issued a show cause order to Respondent Javois, represented by Assistant Attorney General Gregory Goodwin (Goodwin), who filed a response. On November 12, 2015, the habeas court held a hearing where both Fisher, *pro se*, and Javois, via Goodwin, presented evidence. Fisher testified in his own behalf and called Dr. James Kelly (Dr. Kelly) to testify on his behalf. Goodwin did not present any witnesses on behalf of Javois or the State. Both sides introduced exhibits and presented argument to the habeas court, who took the Petitions under submission at the end of the hearing.

On February 2, 2016, the habeas court granted in part Fisher's Petition for writs of habeas corpus on the Jackson County Case and the Audrain County Case, and denied his Eighth Amendment claim. This writ of certiorari follows.

Standard of Review

A writ of certiorari requires an inferior court to produce a certified record of a particular case for review for irregularities. State ex rel. Koster v. McCarver, 376 S.W.3d 46, 50 (Mo.App. E.D. 2012). It is available to correct judgments that are in excess or an abuse of jurisdiction, and that are not otherwise reviewable by appeal. Id. A grant of a writ of habeas corpus in a lower court is reviewed by writ of certiorari. Id. When the State files a petition for writ of certiorari, this Court issues the writ as a matter of course and of right. State ex rel. Nixon v. Jaynes, 73 S.W.3d 623, 624 (Mo.banc 2002). However, we limit our review to determining whether the circuit court exceeded the limits of its authority or abused its discretion. Id.

An abuse of discretion occurs only when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. Id. Certiorari presents only questions of law on the record brought up by the return and does not permit consideration of issues of fact. Id. Questions of sufficiency of the evidence, however, are questions of law and may be considered by this Court in conducting its review. State ex rel. White v. Davis, 174 S.W.3d 543, 547 (Mo.App. W.D. 2005).

Every lawful intendment will be made in favor of the determination and the regularity of the proceedings below. McCarver, 376 S.W.3d at 50. If we determine the

4

circuit court has erred, then we quash the record of the court that granted the writ.  Id.  If, however, we determine the circuit court did not err, we decline to quash the record.  Id.

Points

In its first point, Relator claims it is entitled to an order quashing the habeas court's entire record, because the habeas court abused its discretion by granting relief on Fisher's claim the NGRI notices were defective, in that Fisher is the one who filed the "defective" notices.

In its second point, Relator contends it is entitled to an order quashing the habeas court's record with respect to the Jackson County case because the habeas court abused its discretion by granting relief on the theory that Fisher failed to sign the notice, in that Missouri law does not require the notice to be signed by the defendant.

In its third point, Relator maintains it is entitled to an order quashing the habeas court's record with respect to the Jackson County case because the habeas court abused its discretion by returning Fisher to pre-trial status, in that Fisher's Jackson County conviction was vacated by the NGRI plea so rendering the NGRI plea a nullity must reinstate that conviction.

In its fourth point, Relator asserts it is entitled to an order quashing the habeas court's record with respect to the Audrain County case because the habeas court abused its discretion when it found no notice was filed, in that the habeas court's determination was not supported by sufficient evidence.

In its fifth point, Relator argues it is entitled to an order quashing the habeas court's entire record because it was an abuse of discretion not to apply the escape rule to

the habeas petition, in that Fisher's nine-month escape is ample justification to deny habeas relief.

## Discussion

For purpose of clarity, we discuss the points out of the order in which they were presented in Relator's brief.

## Point II

In its second point, Relator contends it is entitled to an order quashing the habeas court's record with respect to the Jackson County case because the habeas court abused its discretion by granting relief on the theory that Fisher failed to sign the notice to pursue a NGRI plea, in that Missouri law does not require the notice to be signed by the defendant.

Section 552.030[3] governs NGRI pleas. "A person is not responsible for criminal conduct if, at the time of such conduct, as a result of mental disease or defect such person was incapable of knowing and appreciating the nature, quality, or wrongfulness of such person's conduct." Section 552.030.1. Section 552.030.2 provides for the notice to be given when such a plea is pursued:

> 2. Evidence of mental disease or defect excluding responsibility shall not be admissible at trial of the accused unless the accused, at the time of entering such accused's plea to the charge, pleads not guilty by reason of mental disease or defect excluding responsibility, or unless within ten days after a plea of not guilty, or at such later date as the court may for good cause permit, **the accused files a written notice of such accused's purpose to rely on such defense**. Such a plea or notice shall not deprive the accused of other defenses. **The state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, if the accused has no other defense and files a written notice to that effect.** The state shall not accept a defense of mental disease or defect excluding responsibility in the absence of any pretrial evaluation as described in this section or section 552.020. Upon the

---

[3] All statutory references are to RSMo 2006, unless otherwise indicated.

state's acceptance of the defense of mental disease or defect excluding responsibility, the court shall proceed to order the commitment of the accused as provided in section 552.040 in cases of persons acquitted on the ground of mental disease or defect excluding responsibility, and further proceedings shall be had regarding the confinement and release of the accused as provided in section 552.040.

(Emphasis added.)

A plain reading of the applicable statute reveals no requirement the defendant personally sign the notice. The habeas court read this requirement into the statute although there is a complete absence of language suggesting such a specific requirement.

In interpreting statutes, our purpose is to ascertain the intent of the legislature. State ex rel. Riordan v. Dierker, 956 S.W.2d 258, 260 (Mo.banc 1997). In doing so, we look to the language used, giving it its plain and ordinary meaning. Am. Healthcare Mgmt., Inc. v. Dir. of Revenue, 984 S.W.2d 496, 498 (Mo.banc 1999). The courts are without authority to read into a statute a legislative intent which is contrary to the intent made evident by giving the language employed in the statute its plain and ordinary meaning. Kearney Special Rd. Dist. v. County of Clay, 863 S.W.2d 841, 842 (Mo.banc 1993).

Further, the Missouri Practice Series, although not binding precedent, gives scholarly guidance in this area because it is based on current, relevant law and compiled by practitioners and specialists in the particular area of law. 27 MO Practice Series § 7.38, Notice of Intent to Rely on Defense of Not Guilty Due to Mental Disease or Defect, sets forth a form for the notice prescribed in Section 552.030, which includes a signature line solely for the attorney for the defendant. 27 Mo. Prac. Criminal Practice Forms § 7.38 (2d ed.) April 2016 update.

7

We find the statute cannot be read as requiring the defendant himself, who is pleading guilty by reason of mental defect, to sign the notice of his intent to do so. Courts may not add words by implication where the statute is clear and unambiguous. Martinez v. State, 24 S.W.3d 10, 16 (Mo.App. E.D. 2000).  Moreover, the habeas court explained he is giving the statute a "strict construction" by reading the requirement into the statute, but when the words in the statute are plain and ordinary, as they are here, there is no room for statutory construction at all, strict or otherwise.  Id.  When no ambiguity exists, there is nothing to construe.  Id.

Based on the foregoing, we find the habeas court abused its discretion by granting habeas relief on the theory that Fisher failed to personally sign the notice of his intent to plead NGRI.  Point II is granted.

Point IV

In its fourth point, Relator asserts it is entitled to an order quashing the habeas court's record with respect to the Audrain County case because the habeas court abused its discretion when it found that no notice was filed, in that the habeas court's determination was not supported by sufficient evidence.

As set forth in Point II, Section 552.030.2 provides for notice to be given when a defendant pursues a NGRI plea:  "…Evidence of mental disease or defect excluding responsibility shall not be admissible … unless… **the accused files a written notice of such accused's purpose to rely on such defense**…. The state may accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, **if the accused has no other defense and files a written notice to that effect."** Section 552.030.2 (emphasis added).  The habeas court found no NGRI notice was ever

8

filed with respect to the Audrain County case, and granted Fisher's petition for habeas relief on that basis. The habeas court based its finding of no notice on the lack of a hard copy notice in the Audrain County Circuit Court file.

However, Relator presented evidence of the notice filed by Fisher's public defender Sarah Schappe (Schappe) on December 3, 2007, certifying a copy of the notice was personally served on all parties. The notice provided:

NOTICE OF INTENT TO RELY ON DEFENSE OF MENTAL DISEASE
OR DEFECT EXCLUDING RESPONSIBILITY
AND NOTICE

COMES NOW the defendant, by and through his attorney, Sarah Schappe, Assistant Public Defender, and having been arraigned in this case on the 3rd day of December, 2007, files notice of intent to plead Not Guilty by Reason of Mental Disease or Defect and to plead not guilty.

NOTICE

COMES NOW defendant, by and through his/her (sic) attorney, Sarah Schappe, Assistant Public Defender, and hereby gives notice to the court and to counsel for the state that she will on the 3rd day of December, 2007, at 9:00 a.m. or as soon thereafter as counsel may be heard, call up for hearing defendant's Notice of Intent to Rely on Defense of Mental Disease or Defect Excluding Responsibility now pending in the above-styled cause.

Although the notice lacks the required "no other defenses" language required by Section 552.030.2, the Audrain County Circuit Court's May 19, 2008, Order of Commitment indicates the language was there:

9

2. That defendant and defense counsel have filed written notice that said

[NGRI] defense is the only defense available to defendant.

3. That the Prosecuting Attorney has accepted said defense.

There is no transcript of the hearing held on the notice to assist this Court in resolving the obvious incongruity between the actual notice's lack of the required statutory "no other defenses" language, and the commitment order's specific finding the notice contained the required statutory "no other defenses" language. This variance is not reconciled by anything in the record.

In Obradovich v. Peterson, 566 S.W.2d 827 (Mo.banc 1978), the petitioner offered in evidence a certified copy of the file in the murder case against him in the City of St. Louis circuit court, pointing out the file did not contain a written notice he had "no defense other than not guilty by reason of mental disease or defect excluding responsibility." Id. at 829. He argued if such a notice was filed it would be in the court file and its absence indicates there was no such written notice. Id. The Missouri Supreme Court concluded the evidence taken as a whole, including the fact that the specific language in the trial court's judgment indicated the petitioner had filed such a notice, plus the fact that the filing of such notice had been admitted in the petitioner's amended petition for writ of habeas corpus, established the petitioner had authorized such a notice and that it was filed. Id. Accordingly, the Court quashed the writ of habeas corpus and remanded the petitioner to the custody of the respondent. Id.

In Obradovich, the petitioner himself acknowledged in his petition the notice had been filed. A special master found this allegation credible and coupled with the specific

10

language in the trial court's judgment indicating the notice had been filed, determined notice had indeed been filed.

In our case, we have the notice in the record, but on its face it lacks the required "no other defenses" statutory language. We cannot explain why the court in its commitment order stated the statutory language was contained in the notice.

Based on the evidence in the record before us, we conclude the following. The lack of a paper copy of the notice in the Audrain County Circuit Court case file is not sufficient evidence the notice was not filed at the pertinent time. However, its lack of the statutorily required language the defendant has no other defenses renders it fatal. Section 552.030.2 provides that "[t]he state *may* accept a defense of mental disease or defect excluding responsibility, whether raised by plea or written notice, *if the accused has no other defense and files a written notice to that effect*." State ex rel. Koster v. Oxenhandler, 2016 WL 1039446, at *12 (Mo. App. W.D. Mar. 15, 2016) (emphasis in original). Point IV is accordingly denied.

Points I and III

In its first point, Relator claims it is entitled to an order quashing the habeas court's entire record because the habeas court abused its discretion by granting relief on Fisher's claim the NGRI notices were defective, in that Fisher is the one who filed the "defective" notices. This point is not preserved for review and is denied as such.

In its third point, Relator maintains it is entitled to an order quashing the habeas court's record with respect to the Jackson County case because the habeas court abused its discretion by returning Fisher to pre-trial status, in that Fisher's Jackson County conviction was vacated by the NGRI plea so rendering the NGRI plea a nullity must

11

reinstate that conviction.  This point is moot because the Jackson County NGRI plea stands.

Point V

In its fifth point, Relator argues it is entitled to an order quashing the habeas court's entire record because it was an abuse of discretion not to apply the escape rule to the habeas petition, in that Fisher's nine-month escape is ample justification to deny habeas relief.  This point is dismissed as moot with regard to the Jackson County case because we have determined Fisher was not entitled to habeas relief in that case.

With regard to the Audrain County case, Relator maintains the record should be quashed because Fisher escaped from confinement for nine months.  In Oxenhandler, 2016 WL 1039446, at *20, our colleagues in the Western District found it inappropriate to apply the escape rule to a habeas petition because the escape rule "operates to deny the *right of appeal*" if deemed appropriate in the exercise of an appellate court's discretion. Id., citing Nichols v. State, 131 S.W.3d 863, 865 (Mo.App. E.D. 2004)(emphasis in original).  The habeas court is not an appellate tribunal.  Oxenhandler, 2016 WL 1039446 at *20.  Relator cites no authority for applying the escape rule to dismiss a petition for writ of habeas corpus.  Id.

Even if the escape rule is presumed available to dismiss a petition for writ of habeas corpus, application of the rule is subject to the exercise of discretion.  Id.  The habeas court did not abuse its discretion in refusing to apply the escape rule to dismiss Fisher's petition for writ of habeas corpus challenging a NGRI notice because such application could leave a person confined for the rest of his life with no recourse for the unlawful commitment.  Id.

12

Based on the foregoing, Point V is denied.

## Conclusion

The habeas court's record with respect to the Jackson County Case is quashed. We refuse to quash the record as to the Audrain County Case. Fisher is currently in the custody of the DMH where he will remain under the Jackson County Judgment of Commitment for the arson case, State v. Fisher, 0516-CR8303-01, and related PCR case, Fisher v. State, 0716-CV08959. The Audrain County Prosecutor can choose whether to pursue charges in the Audrain County possession and property damage case, State v. Fisher, 05U1-CR00609.

_Sherri B. Sullivan_
_____
SHERRI B. SULLIVAN, Presiding Judge


Mary K. Hoff, J. and
Robert G. Dowd, Jr., J., concur.

13