

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI ex rel.    )      *Opinion issued May 21, 2019`*
TREVOR GRIFFITH,         )
                              )
        Petitioner,       )
                              )
v.                         )      No. SC97056
                              )
ANNE PRECYTHE, JULIE KEMPKER,   )
AND KENNY JONES,       )
                              )
        Respondents.    )

### ORIGINAL PROCEEDING IN HABEAS CORPUS

Trevor Griffith (hereinafter, "Griffith") filed a petition for a writ of habeas corpus, seeking an immediate release from custody and his return to the circuit court to be discharged from probation. Griffith argues the circuit court exceeded its authority after revoking and terminating his second term of probation and was without authority to execute his sentence.

After this case was briefed, argued, and submitted, Griffith was released from his incarceration and discharged from parole. This Court exercises its discretion to not dismiss this appeal as moot. The circuit court erred in placing Griffith on a third term of probation. When a circuit court places a defendant on an erroneous third term of probation, the case should be remanded back to that point in time to determine the proper

course of the defendant's sentence. However, since Griffith has been released and discharged, he should not be returned to custody to make this determination.

## Factual and Procedural Background

In December 2010, Griffith pleaded guilty to one count of felony distribution, delivery, or sale of a controlled substance. The circuit court suspended imposition of Griffith's sentence and placed him on a five-year term of probation.

Griffith's probation was revoked in October 2011, and the circuit court sentenced him to five years in prison and placed him into a 120-day institutional treatment program. Pursuant to section 559.115, RSMo Supp. 2005, the circuit court retained jurisdiction for the 120-day period. Following Griffith's completion of the treatment program, the circuit court placed Griffith on a second five-year probationary term, beginning in February 2012.

In February 2013, the circuit court revoked Griffith's probation. The circuit court then placed Griffith on a third term of probation for five years.

Griffith's probation was revoked again in November 2014. The circuit court imposed and executed a five-year term of imprisonment.

In March 2017, Griffith filed a petition for a writ of habeas corpus with the circuit court asserting the court exceeded its authority[1] in imposing a third term of probation.

---

[1] Griffith claimed the circuit court exceeded its jurisdiction to act in this case. However, this Court determined in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 252 (Mo. banc 2009), there are only two types of jurisdiction—personal and subject matter. The circuit court in this case had both. Griffith's actual claim is the circuit court exceeded its statutory authority to act. This Court reminds litigants to be mindful of this distinction.

The circuit court denied Griffith relief. Griffith petitioned and was denied relief by the court of appeals.

Griffith then petitioned this Court for habeas corpus relief, requesting this Court order his unconditional release from confinement and amend his conviction record to reflect his discharge from probation. This Court issued a writ of habeas corpus.

**Mootness**

A threshold determination in any appellate review is whether the controversy is moot. *Grzybinski v. Dir. of Revenue*, 479 S.W.3d 742, 745 (Mo. App. E.D. 2016). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id*. (quoting *Kinsky v. Steiger*, 109 S.W.3d 194, 195 (Mo. App. E.D. 2003)).

However, there are two exceptions to the mootness doctrine: (1) where the case becomes moot after it has been argued and submitted, and (2) where the case presents an unsettled legal issue of public interest and importance of a recurring nature that will escape review unless the court exercises its discretionary jurisdiction.[2] *State ex rel. Peters-Baker v. Round*, 561 S.W.3d 380, 384-85 (Mo. banc 2018). "If either of these

_____

[2] The second exception to the mootness doctrine is often referred to as the "public interest exception." The public interest exception "applies whenever a case presents an issue that (1) is of general public interest and importance, (2) will recur and (3) will evade appellate review in future live controversies." *State ex rel. Mo. Pub. Defender Comm'n v. Waters*, 370 S.W.3d 592, 603 (Mo. banc 2012) (quoting *Gurley v. Mo. Bd. of Private Investigator Exam'rs*, 361 S.W.3d 406 (Mo. banc 2012)). This case presents an important issue which is capable of repetition but not capable of evading appellate review.

exceptions exist, an appellate court may choose to exercise its discretion to decide the case, notwithstanding that it has become moot." *Id.* at 385.

After this case was heard and submitted, this Court requested counsel of record to file confirmation of Griffith's incarceration and parole status. Griffith was released from custody and discharged from parole at the end of February 2019. Griffith is no longer incarcerated and has been discharged from parole. While the case appears to be moot because Griffith is no longer restrained of his liberty and has completed his sentence, counsel agree this Court should reach the underlying merits of this case, rather than issue a dismissal, because the first exception to the mootness doctrine exists.[3] Accordingly, this Court will exercise its discretion to review the appeal's merits under the first exception to the mootness doctrine.

**Standard of Review**

This Court has jurisdiction to issue original remedial writs. Mo. Const. art. V, sec. 4. Rule 91.01(b) provides, "Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." "'[H]abeas corpus proceedings are limited to determining the facial validity of confinement' and are 'properly invoked to challenge an improper probation revocation.'" *State ex rel. Fleming v. Mo. Bd. of Prob. & Parole*, 515 S.W.3d 224, 229 (Mo. banc 2017) (quoting *State ex rel. Nixon v. Jaynes*, 73 S.W.3d 623, 624 (Mo. banc 2002)). Habeas corpus relief is available when the petitioner proves he or she is "restrained of his

---

[3] This Court applied the first exception in *Peters-Baker*, 561 S.W.3d at 385, and *State ex rel. Gardner v. Boyer*, 561 S.W.3d 389, 395 (Mo. banc 2018).

[or her] liberty in violation of the constitution or laws of the state or federal government."
*State ex rel. Carr v. Wallace*, 527 S.W.3d 55, 59 (Mo. banc 2017) (quoting *State ex rel. Clemons v. Larkins*, 475 S.W.3d 60, 76 (Mo. banc 2015)).

**Analysis**

Griffith seeks an immediate release from custody and his return to the circuit court to be discharged from his probation. Griffith asserts the circuit court was without authority to act after it revoked and terminated his second term of probation in February 2013. Griffith argues the circuit court had no authority to execute his sentence in November 2014.

The duration of a defendant's probation and the circuit court's power to revoke probation is governed by statute. *State ex rel. Strauser v. Martinez*, 416 S.W.3d 798, 801 (Mo. banc 2014); section 559.036, RSMo Supp. 2005.[4] When a probation violation occurs, the circuit court may continue the probationary term, extend the probationary term by one additional year, or issue a second term of probation. Section 559.036, RSMo Supp. 2005.[5] However, a circuit court has the authority to revoke a defendant's term of probation only one time if the probationary terms are violated. *State ex rel. Weaver v. Martinez*, 481 S.W.3d 127, 128 (Mo. App. E.D. 2016).

---

[4] Section 559.036, RSMo Supp. 2005, has been amended several times. However, the core provisions governing the duration of probation and the circuit court's power to revoke remain the same.

[5] Section 559.036, RSMo Supp. 2012, contains the same options for the circuit court, but has additional language allowing the circuit court to place a defendant into a 120-day institutional treatment program under certain circumstances.

5

In this case, pursuant to the applicable statutory guidelines, the circuit court had authority to place Griffith in a 120-day institutional treatment program when it revoked his first term of probation. Section 559.115.3, RSMo Supp. 2005. When Griffith successfully completed the 120-day institutional treatment program, the circuit court properly followed the statutory guidelines, and in February 2012, pursuant to section 559.115.3, RSMo Supp. 2005, placed Griffith on probation for a five-year term. This constituted Griffith's second term of probation.

When the circuit court revoked Griffith's probation in February 2013,[6] the circuit court placed him on a third term of probation. However, a circuit court may impose a new term of probation only once. *Weaver*, 481 S.W.3d at 128; *State ex rel. Moyer v. Calhoun*, 22 S.W.3d 250, 252 (Mo. App. E.D. 2000). If a circuit court revokes the second term of probation, it has no authority to impose a third probationary term. *Weaver*, 481 S.W.3d at 128; *Moyer*, 22 S.W.3d at, 252. Hence, placing Griffith on a third term of probation was erroneous. The circuit court was authorized to pursue other means of controlling Griffith's behavior, including extending the probationary term by one year, continuing the second term of probation, or executing Griffith's sentence.[7] Section 559.036, RSMo Supp. 2012.

---

[6] Contrary to Griffith's suggestion, the circuit court's authority extends for the entire probationary period. Section 559.036.8, RSMo Supp. 2012. The circuit court did not lose authority over his case in February 2013.

[7] Had the circuit court extended Griffith's second probationary term for an additional year or had the circuit court imposed and executed Griffith's five-year sentence, his probation or sentence would have been completed in February 2018. Alternatively, had Griffith continued to serve his second term of probation imposed in February 2012, it would have expired statutorily in February 2017.

The circuit court's imposition of a third term of probation was void. Accordingly, this Court would have directed the circuit court to return to the point in time wherein it erred, specifically to as the case existed in February 2013. Had Griffith not been released from custody and discharged from parole, the circuit court would have been required to determine the proper course of Griffith's sentence. In reconsidering Griffith's placement as it should have been made in February 2013, the circuit court would have been instructed to take into account Griffith's additional time served on probation and time incarcerated when crafting its judgment.

## Conclusion

Griffith would have been entitled to a proper determination of his conduct and disposition of his conduct from the time the circuit court erred. Further, the circuit court's reconsideration of its ruling based upon Griffith's conduct in February 2013, should have taken into consideration the intervening years of probation and incarceration. However, since Griffith has been released and discharged, he should not be returned to custody to make this determination. A defendant in similar circumstances may seek relief in the circuit court without prejudice in conformity with this opinion. Pending the circuit court's decision, a defendant may be returned to custody.

GEORGE W. DRAPER III, JUDGE

Wilson, Russell, Breckenridge, and Stith, JJ., concur; Fischer, C.J., dissents in separate opinion filed; Powell, J., concurs in opinion of Fischer, C.J.

7


STATE OF MISSOURI ex rel.  )
TREVOR GRIFFITH,  )
                    )
        Petitioner,  )
                    )
v.  )    No. SC97056
                    )
ANNE PRECYTHE, JULIE KEMPKER,  )
AND KENNY JONES,  )
                    )
        Respondents.  )

## DISSENTING OPINION

Griffith's release from incarceration and discharge from parole renders this case moot. "A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." *State ex rel. Hawley v. Heagney*, 523 S.W.3d 447, 450 (Mo. banc 2017) (internal quotations omitted). When a case is moot, it should be dismissed. *Mo. Mun. League v. State*, 465 S.W.3d 904, 906 (Mo. banc 2015).

There are two exceptions to the mootness doctrine: "(1) when a case becomes moot after submission and argument; and (2) when the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review." *State ex rel. Peters-Baker v. Round*, 561 S.W.3d 380, 384-85 (Mo. banc 2018) (internal

citations omitted).  If either exception exists, the Court "may choose to exercise its discretion to decide the case[.]"  *Id*. at 385.  The principal opinion's justification is "counsel agree this Court should reach the underlying merits of this case, rather than issue a dismissal, because the first exception to the mootness doctrine exists."  Slip op. at 4. However, the mere existence of an exception does not, in itself, justify the exercise of this Court's discretion, particularly when the opinion will serve no precedential purpose in light of *State ex rel. Sampson v. Hickle*, \_S.W.3d\_ (Mo. banc 2019), issued contemporaneously.

In my view, the majority opinion abandons this Court's "long-established practice of refusing to render advisory opinions[1] upon the request of party litigants."  *Int'l Tel. & Tel. Corp. v. Smith*, 687 S.W.2d 194, 195 (Mo. banc 1985).  This case should be dismissed as moot.

_____

Zel M. Fischer, Chief Justice

---

[1] "An opinion is advisory if there is no justiciable controversy[.]"  *State ex rel. Heart of Am. Council v. McKenzie*, 484 S.W.3d 320, 324 n.3 (Mo. banc 2016).