

# SUPREME COURT OF MISSOURI
## en banc

STATE ex rel. LAMAR LAMONT )
WOODS, GREGORY PONRAY )
CRAWFORD, JESSICA MONIQUE )
JEAN CARTER, CHRISTOPHER )
LAMONT ROBBINS, TYRELL )
WELCH, GENNISE MACKEY, AND )
TORON MITCHELL, )
                                      )

                  Relators, )

v.                             )          No. SC100369

                                        )

THE HONORABLE CATHERINE )
DIERKER, )
                                        )

                  Respondent. )

*Opinion issued March 5, 2024*

## ORIGINAL PROCEEDING IN MANDAMUS

Lamar Lamont Woods seeks a writ of mandamus from this Court or, alternatively, a writ of prohibition, requiring the circuit court to hold a preliminary hearing within 48 hours or as soon as practicable. Woods alleges the circuit court violated Rule 22.09(a), section 544.270, and section 544.320 by failing to hold a preliminary hearing without an adequate showing of good cause and for the sole purpose of permitting the circuit attorney additional time to obtain an indictment.[1]

---

[1] All statutory references are to RSMo 2016. All rule references are to Missouri Court Rules (2023). Seven individuals filed the petition for writ relief in this Court. This Court entered its order December 20, 2023, sustaining the circuit court's motion to dismiss

1

On December 20, 2023, this Court issued a preliminary writ of mandamus ordering the circuit court to conduct the then-scheduled preliminary hearing on or before December 22, 2023, unless good cause was shown and found on the record as required under Rule 22.09(a) or to show cause as to why this Court should not issue a permanent writ directing the circuit court to hold a preliminary hearing. The preliminary writ also instructed the circuit court to take no other action in the case other than as directed in the preliminary writ without further order of this Court.

On December 21, 2023, the state filed a grand jury indictment charging Woods with two counts of first-degree rape, one count of first-degree sodomy, one count of armed criminal action, and one count of unlawful possession of a firearm.

On December 22, 2023, the circuit court found good cause to continue the preliminary hearing based on the grand jury indictment and directed counsel for Woods to notice the present case for status hearing or arraignment within five days of this Court's disposition of the writ petition.

Because the grand jury indictment rendered this case moot, and no exception to the mootness doctrine applies, this Court quashes its preliminary writ of mandamus.

## Factual Background and Procedural History

On June 28, 2023, the state filed a felony complaint against Woods charging him with three counts of first-degree rape.

Relator Welch and dismissing without prejudice all other relators from the case except Woods.

2

Woods filed a petition for a writ of mandamus or, alternatively, a writ of prohibition in the court of appeals, alleging the circuit court violated Rule 22.09(a), section 544.270, and section 544.320, resulting in Woods being confined in jail with no bond for 162 days on the complaint, with his preliminary hearing delayed for 129 days beyond the 30-day deadline in Rule 22.09(a). Woods alleged the circuit court's violation of Rule 22.09(a) is part of a practice by the Twenty-Second Judicial Circuit and the St. Louis circuit attorney to fail to adhere to the mandatory deadlines in Rule 22.09(a), resulting in criminal defendants remaining in confinement on felony charges without a preliminary hearing while the state pursues a grand jury indictment. The court of appeals denied the petition. This Court issued a preliminary writ of mandamus. Woods now seeks a permanent writ.

## Standard of Review

This Court has the authority to "issue and determine original remedial writs." Mo. Const. art. V, sec. 4.1. "Mandamus is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." *State ex rel. Vacation Mgmt. Sols., LLC v. Moriarty*, 610 S.W.3d 700, 701 (Mo. banc 2020) (internal quotation omitted). "To be entitled to mandamus, a relator must allege and prove ... a clear, unequivocal, specific right to a thing claimed." *Id.* at 701-02 (internal quotation omitted).

3

## Analysis

The issue in this case is whether Woods has proven a clear, unequivocal, specific right to a preliminary hearing under Rule 22.09(a).[2] Rule 22.09(a) provides:

> **(a) Preliminary Hearing.** After the filing of a felony complaint, a preliminary hearing shall be held within a reasonable time, but no later than 30 days following the defendant's initial appearance if the defendant is in custody and no later than 60 days if the defendant is not in custody.
>
> For good cause, the court may extend the time limits one or more times. Upon each showing of good cause, the court may extend the time for holding a preliminary examination for up to 30 days each time if the defendant is in custody, and up to 60 days each time if the defendant is not in custody. When the court considers whether to extend the time for holding a preliminary hearing under this Rule, the defendant may request and the court may review the defendant's detention or conditions of release pursuant to Rule 33.05.
>
> At the preliminary hearing the defendant shall not be called upon to plead. If the defendant waives preliminary hearing, the court shall order the defendant to appear to answer to the charge.

The state argues the grand jury indictment filed December 21, 2023, after this Court entered its preliminary writ of mandamus, renders this case moot. This is correct. "A threshold determination in any appellate review is whether the controversy is moot." *State ex rel. Griffith v. Precythe*, 574 S.W.3d 761, 762 (Mo. banc 2019). "When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed." *Id.* at 763 (internal quotation omitted); *see also State ex rel. Peters-Baker v. Round*, 561 S.W.3d

---

[2] Woods also claims violation of sections 544.270 and 544.320. Rule 22.09(a) governs to the extent there is any conflict between the statutes and the rule because the rule addresses matters of procedure not changing substantive rights. *Reichert v. Lynch*, 651 S.W.2d 141, 143 (Mo. banc 1983); *see also* Mo. Const. art. V, sec. 5; sec. 477.010; Rule 19.01.

380, 384 (Mo. banc 2018) ("A case is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." (internal quotation omitted)). Because Woods has been indicted on the same charges at issue in the complaint filed in June 2023, Woods is no longer entitled to a preliminary hearing on those charges. *See State v. Stidham*, 449 S.W.2d 634, 639 (Mo. 1970) (holding defendant had no right to a preliminary hearing after "a grand jury returned an indictment [because] there was no occasion or place for a preliminary hearing"); *State v. Maloney*, 434 S.W.2d 487, 496 (Mo. 1968) ("Appellant's charge ... that he was never given or offered a preliminary hearing is without merit here because he was ultimately indicted by a grand jury. . . . [T]here is no requirement of preliminary hearing on grand jury indictments."); *State v. McGee*, 757 S.W.2d 321, 325 (Mo. App. 1988) ("[A] defendant in Missouri has no constitutional right to be charged with a crime by information, and therefore no cause for complaint if, by the choice of the prosecutor to proceed by indictment, the accused is denied the opportunity for a confrontational preliminary hearing." (internal citation omitted)). Any relief this Court might issue in mandamus would have no practical effect on any existing controversy.

Woods argues the case is not moot because the indictment charges differ from the complaint charges and because the complaint case remains pending. As a preliminary matter, the state has the right to proceed against Woods by indictment. Woods correctly notes the state may not pursue a dual prosecution against him by complaint and indictment for the same underlying charges. *See McGee*, 757 S.W.2d at 325. Section

5

545.010 provides:

> All felonies shall be prosecuted by indictment or information ... in the courts having jurisdiction thereof. But that mode of procedure which shall be first instituted by the filing of the indictment or information for any offense shall be pursued to the exclusion of the other, so long as the same shall be pending and undetermined; and the court in which the prosecution shall be first commenced by the filing therein of the indictment or information, and the issuing of a warrant thereon, shall retain jurisdiction and control of the cause to the exclusion of any other court so long as the same shall be pending and undisposed of[.]

But Woods has not established the state is pursuing a dual prosecution for the same charges. Instead, Woods has noted inconsistencies between the complaint and the indictment and has moved for a bill of particulars in the indictment proceeding.[3] The December 21, 2023 indictment filing rendered this case moot.

Woods asserts this Court should reach the merits of this case under the "capable of repetition, yet evading review" exception to the mootness doctrine. *See No Bans on Choice v. Ashcroft*, 638 S.W.3d 484, 489 n.9 (Mo. banc 2022); *State ex rel. Reser v. Rush*, 562 S.W.2d 365, 367 (Mo. banc 1978) ("The problem presented is one which is 'capable of repetition, yet evading review,' and needs to be resolved and put to rest. Accordingly, notwithstanding the suggestion of mootness, we will decide the case on the merits, being of opinion that the questions involved are matters of public rights or interests under conditions which may be repeated any time." (internal citation omitted)).

---

[3] This opinion does not address whether the state must dismiss the underlying criminal case and, if so, when, in light of the indictment. It is clear under Missouri law, as set out above, however, that the state may not pursue dual prosecution by complaint and indictment as to the same charges against Woods.

6

If an exception to the mootness doctrine applies, "an appellate court may choose to exercise its discretion to decide the case, notwithstanding that it has become moot." *Griffith*, 574 S.W.3d at 763 (internal quotation omitted).

This Court concludes the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply because Woods has not established this issue is capable of repetition or will recur.[4] Specifically, the record reflects the respondent judge was appointed as associate circuit judge on October 5, 2023; took the oath of office on October 30, 2023; and began judicial duties on November 9, 2023. She was not the judge of record for the case and had no involvement with the case until November 16, 2023, when she heard Woods's motion to dismiss for failure to prosecute on the date scheduled for his preliminary hearing, took the motion under advisement, and granted the state five days to file a written response. The state then moved for continuance of the preliminary hearing on November 20, 2023, which the respondent judge granted November 28, 2023. The respondent judge set the preliminary hearing for December 22, 2023, Woods filed his writ petition, and this Court entered its preliminary writ before the hearing on December 22, 2023. The record reflects the preliminary hearing was continued twice by other judges before the respondent judge's involvement in the case. Under the

---

[4] One could argue the issue is capable of repetition because future violations of Rule 22.09(a) are possible. This reading would result in the exception swallowing the rule, as future rule or statutory violations are always possible. So, even under this analysis, this Court would, in its discretion, decline to apply the exception to these facts. Another exception to the mootness doctrine applies when a case becomes moot after submission and argument. *Peters-Baker*, 561 S.W.3d at 384-85. No party argues that exception applies to the present case, and the exception plainly does not apply as Woods was indicted before the present case was argued or submitted.

7

circumstances, the "capable of repetition, yet evading review" exception to the mootness doctrine does not apply. To the extent Woods requests this Court exercise its discretion based on data from other cases in the Twenty-Second Judicial Circuit or elsewhere not involving the respondent judge and pre-dating her appointment as a judge, this Court finds such data does not invoke the "capable of repetition, yet evading review" exception in these circumstances. The record reflects the respondent judge has conducted preliminary hearings during her time on the bench, has revised forms and taken other steps to promote compliance with Rule 22.09(a), and has entered an order in this case concluding "the State's intention of presenting the case to the grand jury in itself" is not "good cause to continue the preliminary hearing." The present case is moot, and no exception to the mootness doctrine applies by which this Court could exercise its discretion to reach the merits.

Although the indictment filed December 21, 2023 has rendered the case moot, and no exception to the mootness doctrine applies, this Court notes the mandatory deadlines in Rule 22.09(a): "[A] preliminary hearing *shall* be held within a reasonable time, *but no later than 30 days following the defendant's initial appearance if the defendant is in custody and no later than 60 days if the defendant is not in custody*." Rule 22.09(a) (emphasis added). Further, as to good cause for extending the mandatory deadlines, Rule 22.09(a) specifies, "[u]pon each showing of good cause, the court may extend the time for holding a preliminary examination for up to 30 days each time if the defendant is in custody, and up to 60 days each time if the defendant is not in custody." The mandatory deadlines in Rule 22.09(a) reflect that a preliminary hearing serves the important purpose

8

of ensuring those charged with a crime are not subject to continuing prosecution without probable cause. "A preliminary hearing is designed to prevent possible abuse of power by the prosecution and at the same time permit the arrest and detention of an accused in a proper case." *State v. Hill*, 438 S.W.2d 244, 246 (Mo. 1969); *see also Derby v. State*, 557 S.W.3d 355, 370 (Mo. App. 2018) (noting the purpose of a preliminary hearing is "to determine if the State's evidence raises a triable issue of fact" (internal quotation omitted)). Rule 22.09(a) binds all Missouri courts. *See* Mo. Const. art. V, sec. 5; sec. 477.010; Rule 19.01.

While Rule 22.09(a) does not define "good cause," it requires a showing of good cause for each deadline extension. It seems likely an assertion by the state that a continuance is required because the state failed to summons any witnesses for a preliminary hearing due to the state pursuing a grand jury indictment, with nothing more and without further inquiry by the circuit court, would not constitute good cause for continuance of a preliminary hearing under Rule 22.09(a). *Accord Commonwealth v. Leopold L.*, 141 N.E.3d 99, 109 (Mass. App. Ct. 2020). As the Supreme Judicial Court of Massachusetts noted when analyzing a similar issue in *Commonwealth v. Perkins*, 981 N.E.2d 630, 640 (Mass. 2013):

> The Commonwealth is not entitled to proceed at whatever pace it might choose, either in marshaling evidence to establish probable cause for the probable cause hearing or in presenting a case to the grand jury in order to secure an indictment. And a judge may not simply rubber stamp a Commonwealth's request for a continuance. Rather, if the Commonwealth seeks to continue the probable cause hearing beyond the date scheduled at arraignment or thereafter, the judge's responsibility is to make a meaningful inquiry into the specific reasons for the request, and to consider whether the Commonwealth has shown good cause for it. An active, ongoing grand jury

9

investigation should be considered as a factor, but an ongoing grand jury investigation, taken by itself, is not necessarily sufficient to demonstrate good cause; among other factors, the amount of time the defendant has been held in custody and the time that has elapsed since arraignment should be weighed.

The language of Rule 22.09(a) is plain and sets out explicit, definite, and mandatory time limits by when a preliminary hearing is to be held. Rule 22.09(a) is also plain in setting out that no continuance should be granted without a showing of good cause for the extension. This good cause showing requires a meaningful inquiry by the circuit court into the reasons for the request and explicit findings by the circuit court as to the good cause for any continuance granted.

## Conclusion

The preliminary writ of mandamus is quashed.


_____
Ginger K. Gooch, Judge

All concur.

10